UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY ENRIQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NABRIVA THERAPEUTICS PLC and TED SCHROEDER,<br><br>Defendants. | Case No.  1:19-cv-04183-VM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF JONATHAN SCHAEFFER FOR APPOINTMENT
<u>AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT ...........................................................................................................................3

I.   SCHAEFFER SHOULD BE APPOINTED LEAD PLAINTIFF ...................................3

      A.   Schaeffer is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ..................................................................4

      B.   Schaeffer has the "largest financial interest" in the Action. ................................4

      C.   Schaeffer otherwise satisfies the Requirements of Rule 23. ................................5

II.  LEAD PLAINTIFF'S SELECTION OF CO-COUNSEL SHOULD BE APPROVED .....8

CONCLUSION ........................................................................................................................9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ...................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ...............................................................................................6

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) .....................................................5

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) .......................................................7

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................7

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).....................................................5, 8

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ...................................................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...............................................................................................8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998)........................................................................................5

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
   2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)..........................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................6

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................8

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .........................................4, 5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
   2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .........................................5

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ............................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .....................................................................................*passim*

## Rules

Fed. R. Civ. P. 23 ............................................................................................................*passim*

Jonathan Schaeffer ("Schaeffer") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Schaeffer as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired Nabriva Therapeutics plc ("Nabriva" or the "Company") securities between November 1, 2018 and April 30, 2019, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Nabriva and Ted Schroeder (collectively, the "Defendants") defrauded investors in violation of the Exchange Act. *See generally* Dkt. No. 1 ("Complaint"). Nabriva investors, including Schaeffer, incurred significant losses following the disclosure of the alleged fraud, which caused Nabriva's share price to fall sharply, damaging Schaeffer and other Nabriva investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Nabriva securities during the Class Period, Schaeffer incurred losses of approximately $11,669. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Schaeffer believes that he has the largest financial interest in the relief sought in this action.

1

Beyond his considerable financial interest, Schaeffer also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Schaeffer has selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Schaeffer respectfully requests that the Court enter an order appointing Schaeffer as Lead Plaintiff and approving Schaeffer's selection of Pomerantz and Holzer as Co-Lead Counsel.

## STATEMENT OF FACTS

Nabriva is a biopharmaceutical company that purports to develop novel anti-infective agents to treat serious infections. Complaint ¶ 2. One of the Company's product candidates is CONTEPO, an epoxide antibiotic developed by Zavante Therapeutics, which the Company acquired in July 2018. *Id.*

On April 30, 2019, the Company revealed that the U.S. Food and Drug Administration ("FDA") would not approve its New Drug Application ("NDA") for CONTEPO due to "issues related to facility inspections and manufacturing deficiencies at one of Nabriva's contract manufacturers." *Id.* ¶ 3.

On this news, the Company's share price fell $0.82 per share, or over 27%, to close at $2.17 per share on May 1, 2019, on unusually high trading volume. *Id.* ¶ 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors:  (1) that the Company's manufacturers failed to meet good manufacturing practices; (2) that these manufacturers would be subject to inspections by the FDA in connection with the Company's NDA; (3) that, as a result of the manufacturing deficiencies, the Company's NDA for CONTEPO was unlikely to be approved by the FDA; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.  *Id.* ¶ 5.

## ARGUMENT

## I.   SCHAEFFER SHOULD BE APPOINTED LEAD PLAINTIFF

Schaeffer should be appointed Lead Plaintiff because, to his knowledge, Schaeffer has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Schaeffer satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Schaeffer is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On May 9, 2019, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Nabriva securities that they had 60 days—*i.e.*, until July 8, 2019—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice").  *See* Lieberman Decl., Ex. B.  Schaeffer has timely filed the instant motion pursuant to the PSLRA Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Schaeffer satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Schaeffer has the "largest financial interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Schaeffer has the largest financial interest of any Nabriva investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of

4

net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Schaeffer: (1) purchased 27,912 shares of Nabriva securities; (2) expended $79,270 on purchases of Nabriva securities; (3) retained 17,086 shares of Nabriva securities; and (4) incurred losses of $11,669 in connection with his transactions in Nabriva securities.  *See* Lieberman Decl., Ex. A.  To the extent that Schaeffer possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Schaeffer otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.") Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591, at *8. Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including Schaeffer.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

6

Schaeffer's claims are typical of those of the Class. Schaeffer alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Nabriva. Schaeffer, as did all members of the Class, purchased Nabriva securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Nabriva's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz and Holzer, Schaeffer has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice of Pomerantz and Holzer to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Schaeffer's interests and the interests of the Class. Schaeffer has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl.,

Ex. C), and the significant losses incurred by Schaeffer demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

## II.     LEAD PLAINTIFF'S SELECTION OF CO-COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Schaeffer has selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes. *See* Lieberman Decl., Exs. D-E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. D. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-

lawsuit-for-110-million-11554746066).  Likewise, Holzer has successfully prosecuted numerous securities fraud class actions and shareholder derivative actions on behalf of investors, as detailed in its resume.  *See* Lieberman Decl., Ex. E.  As a result of Pomerantz's and Holzer's extensive experience in securities litigation and class actions involving issues similar to those raised in this Action, Pomerantz and Holzer have the skill and knowledge necessary to enable the effective and expeditious prosecution of this Action.  Thus, the Court may be assured that by approving the selection of counsel by Schaeffer, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Schaeffer respectfully requests that the Court issue an Order: (1) appointing Schaeffer as Lead Plaintiff; and (2) approving proposed Lead Plaintiff's selection of Pomerantz and Holzer as Co-Lead Counsel for the Class.

Dated:  July 8, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

HOLZER & HOLZER, LLC
Corey D. Holzer
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Counsel for Lead Plaintiff Movant Jonathan Schaeffer and Proposed Co-Lead Counsel for the Class*

10