**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated, <br><br>                Plaintiff, <br><br> v. <br><br> NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ, <br><br>                Defendants. | No. 1:19-CV-04183 (VM) |

**ANSWER AND JURY DEMAND**

Michael G. Bongiorno
Tamar Kaplan-Marans
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Counsel for Defendants Nabriva Therapeutics PLC, Ted Schroeder, Gary Sender, and Jennifer Schranz*

Pursuant to Federal Rules of Civil Procedure 8 and 12, Nabriva Therapeutics PLC, Ted Schroeder, Gary Sender and Jennifer Schranz (collectively, the "Defendants"), hereby answer the Consolidated Second Amended Complaint ("Complaint") filed by Plaintiff Jonathan Schaeffer on June 24, 2020. To the extent not explicitly admitted, Defendants deny all allegations of the Complaint.

No response is required to Plaintiff's headings and titles in the Complaint, which consist solely of Plaintiff's characterizations of this action. To the extent a response is required, Defendants deny each and every allegation contained therein.[1]

Defendants respond to the specifically numbered allegations of the Complaint as follows:

## NATURE OF THE ACTION

1. No response is required to the allegations contained in paragraph 1, which purports to describe the Complaint, which speaks for itself. To the extent a response is required, Defendants deny they violated the federal securities laws.

2. Defendants admit the allegations in paragraph 2.

3. To the extent paragraph 3 purports to characterize Nabriva's public documents, those documents speak for themselves and no response is required. Defendants otherwise deny the remaining allegations in paragraph 3, except admit that Nabriva submitted a New Drug Application ("NDA") to the Food and Drug Administration ("FDA") for marketing approval of CONTEPO for the treatment of complicated urinary tract infections in October 2018, and two NDAs for the oral and IV formulations of lefamulin in December 2018.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent paragraph 4 is deemed to assert factual allegations, Defendants deny those allegations.

---

[1] Defendants incorporate Plaintiff's headings and titles in this Answer solely for clarity.

1

5.      Defendants deny the allegations in the first sentence of paragraph 5.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 5, but admit that Ercros has a plant in Aranjuez, Spain dedicated mainly to the production of fosfomycin.

6.      Defendants admit that the FDA conducted an inspection of Ercros' Aranjuez facility between December 10, 2018 and December 14, 2018, and that the FDA issued Ercros an FDA Form 483 sometime after the inspection concluded.  No response is required to the allegations in paragraph 6 that consist solely of legal conclusions, or that purport to characterize an FDA Form 483, which speaks for itself.  Defendants deny that the characterization is complete or accurate.  Defendants otherwise deny the allegations in paragraph 6.

7.      To the extent paragraph 7 purports to characterize a June 2012 FDA warning letter, that document speaks for itself and no response is required.  Defendants deny that the characterization is complete or accurate and otherwise deny the remaining allegations in paragraph 7.

8.      To the extent paragraph 8 sets forth legal conclusions regarding FDA regulations, no response is required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      To the extent the allegations in paragraph 9 purport to describe the contents of an agreement between Nabriva and Ercros, that document speaks for itself and no response is required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      To the extent the allegations in paragraph 10 purport to describe the contents of Nabriva's 2018 Form 10-K or Nabriva's contract supply agreement with Ercros, those documents speak for themselves and no response is required.  Defendants deny that the descriptions are complete or

accurate.  Defendants otherwise admit the first and second sentences of paragraph 10 but deny the remaining allegations.

11.    To the extent paragraph 11 purports to describe the Complaint, no response is required. Defendants deny the remaining allegations in paragraph 11.

12.    Defendants deny the allegations in paragraph 12.

13.    To the extent the allegations in paragraph 13 purport to describe a public filing, that document speaks for itself and no response is required.  Defendants deny that the description is complete or accurate.  Defendants otherwise admit that on March 12, 2019, Nabriva filed with the SEC its Annual Report for the fiscal year that ended on December 31, 2018.  Defendants deny the remaining allegations in paragraph 13.

14.    To the extent the allegations in paragraph 14 purport to describe Nabriva's 2018 Form 10-K, that document speaks for itself and no response is required.  Defendants deny that the description is complete or accurate.  Defendants deny the remaining allegations in paragraph 14.

15.    Defendants admit that on April 30, 2019, Nabriva announced that it received a Complete Response Letter ("CRL") from the FDA for the NDA seeking marketing approval of CONTEPO for injection for the treatment of complicated urinary tract infections, and that the CRL requested that Nabriva address issues related to facility inspections and manufacturing deficiencies at one of Nabriva's contract manufacturers prior to the FDA approving the NDA.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants state that Nabriva's stock price on the NASDAQ at the close of trading on April 30, 2019 was $2.99, that the opening price on May 1, 2019 was $2.37, that the closing price on May 1 was $2.17, and that the volume for the trading day of May 1 was 8,628,600 shares. Defendants deny the remaining allegations in paragraph 16.

3

17.     No response is required to the allegations in paragraph 17, which purports to describe an August 16, 2019 press release, which speaks for itself. Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 17.

18.     No response is required to the allegations in paragraph 18, which purports to describe a December 20, 2019 press release, which speaks for itself. Defendants deny that the description is complete or accurate.

19.     No response is required to the allegations in paragraph 19, which purports to describe a January 8, 2020 press release, which speaks for itself. Defendants deny that the description is complete or accurate.

20.     No response is required to the allegations in paragraph 20, which purports to describe a May 11, 2020 press release, which speaks for itself. Defendants deny that the description is complete or accurate.

21.     Defendants deny the allegations in paragraph 21.

## JURISDICTION AND VENUE

22.     Paragraph 22 states a legal conclusion to which no response is required.

23.     Paragraph 23 states a legal conclusion to which no response is required.

24.     Paragraph 24 states legal conclusions to which no response is required. To the extent paragraph 24 is deemed to assert factual allegations, Defendants deny those allegations.

25.     Paragraph 25 states a legal conclusion to which no response is required.

## PARTIES

26.     To the extent paragraph 26 sets forth legal conclusions, no response is required. To the extent paragraph 26 is deemed to assert factual allegations, Defendants deny those allegations.

4

Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding the activities of Plaintiff.

27.    Defendants admit that Nabriva is a public limited company organized under the laws of Ireland with its corporate headquarters located in Dublin, Ireland and that its ordinary shares trade on the NASDAQ Global Market under the ticker symbol "NBRV."  Defendants otherwise deny the remaining allegations in paragraph 27.

28.    Defendants admit the allegations in paragraph 28.

29.    Defendants admit the allegations in paragraph 29.

30.    Defendants admit the allegations in paragraph 30.

31.    No response is required to the allegations in paragraph 31, which speaks for itself.

32.    Paragraph 32 states legal conclusions, to which no response is required.  Defendants otherwise deny the allegations in paragraph 32, except admit that Defendants Schroeder and Sender signed and certified the 2018 Form 10-K.

**SUBSTANTIVE ALLEGATIONS**

**Background**

33.    Defendants admit the allegations in paragraph 33.

34.    Defendants admit the allegations in paragraph 34.

35.    Defendants admit the allegations in paragraph 35.

36.    Paragraph 36 states legal conclusions regarding FDA regulations, to which no response is required.

37.    Paragraph 37 states legal conclusions regarding FDA regulations, to which no response is required.

38.     No response is required to the allegations in paragraph 38, which purports to describe the contents of the three-way agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.

39.     No response is required to the allegations in paragraph 39, which purports to describe and quote the content of the three-way agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.

40.     No response is required to the allegations in paragraph 40, which purports to describe and quote the content of the three-way agreement and the Ercros-Zavante Supply Agreement, which speak for themselves.  Defendants deny that the descriptions are complete or accurate.

41.     Defendants admit the allegations in paragraph 41.

**The FDA Drug Approval Process**

42.     Defendants admit the allegations in paragraph 42.

43.     Paragraph 43 states legal conclusions regarding FDA regulations, to which no response is required.

44.     To the extent the allegations in paragraph 44 purport to describe the contents of the Ercros-Zavante Supply Agreement, that document speaks for itself and no response is required. Paragraph 44 otherwise states legal conclusions regarding FDA regulations, to which no response is required.

**CONTEPO'S Production Facility Violated cGMP**

45.     To the extent the allegations in paragraph 45 purport to describe the contents of an FDA Form 483 letter or agreements, those documents speak for themselves and no response is required. Defendants otherwise admit that the FDA conducted an inspection of Ercros' Aranjuez facility between December 10, 2018 and December 14, 2018, and that the FDA issued Ercros an FDA Form

483 sometime after the inspection concluded.  Defendants deny the remaining allegations in paragraph 45.

46.     Paragraph 46 states legal conclusions regarding FDA regulations, to which no response is required.  Defendants deny that the allegations characterizing the FDA approval process are complete or accurate.

47.     No response is required to the allegations in paragraph 47, which purports to describe an FDA Form 483, which speaks for itself.  Defendants deny that the description is complete or accurate.

**Defendants Knew About, Or Recklessly Disregarded, the cGMP Violations and the FDA's Serious Criticisms**

48.     To the extent the allegations in paragraph 48 purport to describe and quote the contents of Nabriva's 2018 Form 10-K, the document speaks for itself and no response is required.  Defendants deny that the description is complete or accurate.  Defendants otherwise admit the first three sentences of paragraph 48.

49.     No response is required to the allegations in paragraph 49, which purports to describe the Ercros-Zavante Supply Agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.

50.     No response is required to the allegations in paragraph 50, which purports to describe the Ercros-Zavante Supply Agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.

51.     No response is required to the allegations in paragraph 51, which purports to describe the Ercros-Zavante Supply Agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.

52.     No response is required to the allegations in paragraph 52, which purports to describe the Ercros-Zavante Supply Agreement, which speaks for itself.  Defendants deny that the description is complete or accurate.  Defendants deny the remaining allegations in paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except admit that the FDA conducted an inspection of Ercros' Aranjuez facility between December 10, 2018 and December 14, 2018, and that the FDA issued Ercros an FDA Form 483 sometime after the inspection concluded.  Defendants deny that the allegations characterizing the FDA approval process are complete or accurate.  Defendants deny the remaining allegations in paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.  To the extent a response is required, Defendants deny the allegations.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.  To the extent a response is required, Defendants deny the allegations.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.  To the extent paragraph 56 purports to describe an FDA Form 483, that document speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations.

57.     To the extent the allegations in paragraph 57 purport to describe the content of the FDA's Compliance Program Guidance Manual, that document speaks for itself and no response is required. To the extent paragraph 57 purports to set forth legal conclusions regarding FDA regulations, no response is required.  Defendants deny that the allegations characterizing the FDA inspection process are complete or accurate.

8

58. To the extent paragraph 58 purports to set forth legal conclusions regarding FDA regulations, no response is required. Defendants deny that the allegations characterizing the FDA inspection process are complete or accurate.

59. To the extent the allegations in paragraph 59 purport to describe the content of a survey, that document speaks for itself and no response is required. Defendants deny that the allegations characterizing the FDA inspection process are complete or accurate.

60. To the extent the allegations in paragraph 60 purport to describe the content of the FDA's Compliance Program Guidance Manual, that document speaks for itself and no response is required. To the extent paragraph 60 purports to set forth legal conclusions regarding FDA regulations, no response is required. Defendants deny that the allegations characterizing the FDA inspection process are complete or accurate.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. To the extent paragraph 61 purports to describe the Ercros-Zavante Supply Agreement, that document speaks for itself and no response is required.

62. To the extent paragraph 62 purports to characterize a June 2012 FDA warning letter, that document speaks for itself and no response is required. Defendants deny that the characterization is complete or accurate.

63. To the extent paragraph 63 purports to characterize a June 2012 FDA warning letter, that document speaks for itself and no response is required. Defendants deny that the characterization is complete or accurate.

64. To the extent paragraph 64 purports to characterize a June 2012 FDA warning letter, that document speaks for itself and no response is required. Defendants deny that the characterization is complete or accurate.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.  To the extent a response is required, Defendants deny the allegations.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.  To the extent a response is required, Defendants deny the allegations.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.  To the extent a response is required, Defendants deny the allegations.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.  To the extent a response is required, Defendants deny the allegations.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.  To the extent a response is required, Defendants deny the allegations.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.  To the extent a response is required, Defendants deny the allegations.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and on that basis deny them.  To the extent paragraph 71 purports to describe an FDA Form 483, that document speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.  To the extent paragraph 72 purports to describe an FDA Form 483, that document speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.  To the extent paragraph 73 purports to describe an FDA Form 483, that

document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. To the extent paragraph 74 purports to describe an FDA Form 483, that document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75. To the extent paragraph 75 purports to describe an FDA Form 483, that document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. To the extent paragraph 76 purports to describe an FDA Form 483, that document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77. To the extent paragraph 77 purports to describe an FDA Form 483, that document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78. To the extent paragraph 78 purports to describe an FDA Form 483, that document speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.  To the extent a response is required, Defendants deny the allegations.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.  To the extent a response is required, Defendants deny the allegations.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.  To the extent a response is required, Defendants deny the allegations.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.  To the extent paragraph 82 purports to describe a CAPA or Ercros' submissions to the FDA, those documents speak for themselves and no response is required.  To the extent a response is required, Defendants deny the allegations.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and on that basis deny them.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.  To the extent paragraph 84 purports to describe the Ercros-Zavante Supply Agreement, that document speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.  To the extent a response is required, Defendants deny the allegations.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and the accompanying table.  To the extent paragraph 86 and the accompanying table purport to describe an FDA Form 483, that document speaks for itself and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 86 and the accompanying table.

12

**Materially False and Misleading Statements Issued During the Class Period**

87.     No response is required to the allegations in paragraph 87, which purports to describe a press release, which speaks for itself.  Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     No response is required to the allegations in paragraph 89, which purports to describe a public filing, which speaks for itself.  Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 89, except admit that Defendants Schroeder and Sender signed and certified the 2018 Form 10-K pursuant to the Sarbanes Oxley Act of 2002.

90.     Defendants deny the allegations in paragraph 90.

91.     No response is required to the allegations in paragraph 91, which purports to describe a public filing, which speaks for itself.  Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     No response is required to the allegations in paragraph 93, which purports to describe a public filing, which speaks for itself.  Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     No response is required to the allegations in paragraph 95, which purports to describe a public filing, which speaks for itself.  Defendants deny that the description is complete or accurate. Defendants deny the remaining allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

**The Truth Begins to Emerge**

97.    No response is required to the allegations in paragraph 97, which purports to describe a press release, which speaks for itself.  Defendants deny that the description is complete or accurate.  Defendants deny that the allegations characterizing the FDA approval process are complete or accurate.  Defendants otherwise deny the remaining allegations in paragraph 97.

98.    Defendants state that Nabriva's stock price on the NASDAQ at the close of trading on April 30, 2019 was $2.99, that the opening price on May 1, 2019 was $2.37, that the closing price on May 1 was $2.17, and that the volume for the trading day of May 1, 2019 was 8,628,600 shares.  Defendants deny the remaining allegations in paragraph 98.

99.    No response is required to the allegations in paragraph 99, which purports to describe a press release, which speaks for itself.  Defendants deny that the description is complete or accurate.  To the extent paragraph 99 purports to set forth legal conclusions regarding FDA regulations, no response is required.  Defendants deny that the allegations characterizing the FDA NDA approval process are complete or accurate.

100.    No response is required to the allegations in paragraph 100, which purports to describe a press release, which speaks for itself.

101.    No response is required to the allegations in paragraph 101, which purports to describe press releases, which speak for themselves.  Defendants deny that the descriptions are complete or accurate.  To the extent a response is required, Defendants admit that on January 8, 2020, Nabriva announced that the FDA had acknowledged receipt of Nabriva's NDA for marketing approval of CONTEPO, and that the FDA had set a Prescription Drug User Fee Act ("PDUFA") goal date of June 19, 2020 for the completion of its review of the NDA.  Defendants further admit that on May

14

11, 2020, Nabriva announced that due to the COVID-19 pandemic, the FDA had suspended travel required to evaluate Nabriva's manufacturing partners for CONTEPO.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

102.    No response is required to the allegations in paragraph 102, which purports to describe the Complaint, which speaks for itself.

103.    To the extent paragraph 103 states a legal conclusion, no response is required.  To the extent paragraph 103 purports to contain factual allegations requiring a response, Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    To the extent paragraph 106 states a legal conclusion, no response is required.  To the extent paragraph 106 purports to contain factual allegations requiring a response, Defendants deny the allegations in paragraph 106.

107.    To the extent paragraph 107 states a legal conclusion, no response is required.  To the extent paragraph 107 purports to contain factual allegations requiring a response, Defendants deny the allegations in paragraph 107.

108.    To the extent paragraph 108 states a legal conclusion, no response is required.  To the extent paragraph 108 purports to contain factual allegations requiring a response, Defendants deny the allegations in paragraph 108.

109.    Paragraph 109 states a legal conclusion to which no response is required.

110.    Paragraph 110 states a legal conclusion to which no response is required.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

111.    Defendants restate their responses to all preceding paragraphs as if fully set forth here.

112.    No response is required to the allegations contained within paragraph 112, which purports to describe the Complaint, which speaks for itself.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    Paragraph 119 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

## COUNT I

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

121.    Defendants restate their responses to all preceding paragraphs as if fully set forth here.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

124.    Paragraph 124 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 124.

125.    Paragraph 125 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 125.

126.    Paragraph 126 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 126.

To the extent any response is required to Plaintiff's prayer for relief, Defendants deny each and every allegation contained therein and deny that Plaintiff is entitled to the requested relief.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by a jury under applicable law.

## AFFIRMATIVE DEFENSES

Defendants do not waive any affirmative defenses and reserve the right to assert any and all affirmative or other defenses that may be available after reasonable discovery.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead his claims with requisite particularity pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because every act or omission alleged in the Complaint was done or omitted in good faith and in conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

17

**<u>Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims</u>**

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation.

WHEREFORE, Defendants respectfully request that this Court dismiss the Second Amended Complaint and Plaintiff's claims, enter judgment in favor of Defendants and against Plaintiff, award Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant Defendants any additional relief that is fair and appropriate.

Dated:  July 8, 2020

Respectfully submitted,

**NABRIVA THERAPEUTICS PLC,
TED SCHROEDER, GARY SENDER,
and JENNIFER SCHRANZ,**

By their attorneys,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
Tamar Kaplan-Marans
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
tamar.kaplan-marans@wilmerhale.com

18