IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ,<br><br>Defendants. | No. 1:19-CV-04183-VM-GWG |

**AMENDED STIPULATION AND PROTECTIVE ORDER RESTRICTING
DISCLOSURE OF CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Defendants (collectively, the "Parties") in the above-captioned action (the "Action"), respectfully request that the Court issue a protective order to protect certain confidential, proprietary, or private information that may be produced in the course of discovery in this Action, and to guard against the waiver of attorney-client privilege, work product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges. The Parties, by and through their respective undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

**I.    DEFINITIONS**

1.    "Confidential Discovery Material" means any Discovery Material designated as "Confidential" pursuant to the terms of this Order.

2.    "Designating Party" means a Party or Non-Party who designates any Discovery Material as Confidential in connection with this Action.

1

3. "Discovery Material" means any information provided by a Party or Non-Party in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given or exchanged in this Action, regardless of the medium or manner generated, stored or maintained.

4. "Non-Party" means a person or entity that is not a Party to this Action.

5. "Objecting Party" means a Party or Non-Party that challenges the designation of Discovery Material as "Confidential," or challenges a failure to so designate.

6. "Party" means any Party to this Action.

7. "Producing Party" means a Party or Non-Party that produces any Discovery Material in this Action.

8. "Protected Information" means information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

9. "Receiving Party" means a Party that receives any Discovery Material from a Producing Party in this Action.

## II.  DESIGNATING DISCOVERY MATERIAL

10. Any Producing or Receiving Party may designate as Confidential any Discovery Material, or any portion thereof, that the Producing or Receiving Party reasonably and in good faith believes consists of or contains non-public information related to:

(a) financial information not otherwise disclosed to the public;

        (b)    proprietary information, including, but not limited to, business plans, personnel-related information, product development, research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

        (c)    any information of a personal or intimate nature regarding any individual;

        (d)    any information entitled to confidential treatment under the Federal Rules of Civil Procedure or that has been designated as confidential pursuant to applicable laws to which the Parties are subject, including national data protection legislation and Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation); or

        (e)    any other category of information hereinafter given confidential status by the Court.

        11.    Nothing in this Order prejudices in any way any objection to, or position concerning, production of the foregoing.

        12.    If a Designating Party designates Discovery Material as Confidential on the basis that it is subject to protection under applicable law, the Designating Party shall, upon request, disclose to the Receiving Party the applicable law that the Designating Party in good faith believes constitutes the basis for such designation.

        13.    Nothing in this Order shall be construed to provide less protection to Confidential Discovery Material designated by the Parties than the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Court for the Southern District of New York.

        14.    The designation of any Discovery Material as Confidential shall be made in the following manner:

(a) In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the designation shall be made at the time of production by affixing the legend "Confidential" to each page containing any Confidential Discovery Material in a manner that will not interfere with legibility, audibility or functionality. In the event that any documents are produced in native format, the Designating Party shall include the legend "Confidential" in the file name of the document or on a placeholder document produced in conjunction with the native file that states the Bates number of the document and that the document is being produced in native format;

(b) In the case of depositions or other pretrial testimony, any Party or Non-Party may designate the deposition, in whole or in part (including exhibits), as Confidential by: (i) making a statement to such effect on the record during the proceeding in which the testimony is received; or (ii) notifying all counsel of record, in writing, within fifteen (15) days after receipt of the final transcript of such proceeding. Until the expiration of the 15-day period, the Parties shall treat the entirety of the deposition, including any transcript or video thereof, as Confidential Discovery Material. Thereafter, only those portions of the deposition designated as "Confidential" shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or in writing, without further order of the Court; and

(c) In such cases where the marking of each piece of Discovery Material as "Confidential" is impractical or impossible, the Designating Party shall designate in writing the Discovery Materials that it regards as containing Confidential Discovery Material at the time the Designating Party produces those Discovery Materials.

15. The inadvertent or unintentional failure to designate Discovery Material as "Confidential" does not constitute a waiver of a Producing Party's claim of confidentiality, and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material shall be subject to the protections of this Order from the time it is designated as "Confidential."

### III. ACCESS TO AND USE OF THE CONFIDENTIAL DISCOVERY MATERIAL

16. Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" shall not disclose such Confidential Discovery Material, except as expressly permitted herein. Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

17. Unless otherwise directed by the Court, Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person other than the individuals described in the subparagraphs below. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

(a) A Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Action, or, in the case of an individual Party, the Party himself or herself;

(b) Counsel retained specifically for this Action, and regular or temporary employees of such counsel, including any paralegal, clerical, or other assistant who are engaged in assisting counsel in the prosecution or defense of this Action, provided that any disclosure is for use in accordance with this Order;

(c) Any person who is identified as an author or recipient (including without limitation "bcc" recipients) of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention;

(d) Outside vendors or service providers (such as copy-service providers, document-management consultants, stenographers and videographers) retained in connection with the prosecution or defense of this Action;

(e) Any mediator, arbitrator, or other person engaged by the Parties or appointed by the Court for the purpose of alternative dispute resolution;

(f) Any prospective or confirmed witness or deponent (and counsel for the witness or deponent) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof. All persons identified solely in this subparagraph shall be advised of the contents of this Protective Order and shall not be permitted to retain any Confidential Discovery Material;

(g) Any person (including their professional staff) retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, to the extent reasonably necessary for such person to prepare a written opinion, prepare to testify, or assist counsel in the prosecution or defense of this Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation;

(h) The Court or any appellate court in this Action and its support personnel, court reporters, and jurors;

(i) Outside or in-house counsel for insurance companies or other indemnitors of any Party from which a Party claims coverage or that are providing coverage for claims; and

(j) Any other person upon order of the Court or upon stipulation of the Producing Party.

18. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 17(e), (f), and (g) above, counsel for the Party or Non-Party making the disclosure shall provide such person with a copy of this Order, and such person shall sign an undertaking in the form attached as Exhibit A hereto stating that such person has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Exhibit A.

19. Every person or entity given access to Confidential Discovery Material or information contained therein:

(a) shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Order; and

(b) shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

20. Any extract, summary, compilation, description, notes, memoranda, analysis, or copy containing Confidential Discovery Material and any electronic image or database containing Confidential information shall be subject to the terms of this Order to the same extent as the material or information from which it is derived.

21. All Discovery Material (including, but not limited to, Confidential Discovery Material) shall be used solely for the prosecution or defense of this Action, and shall not be used for any other purpose whatsoever. Confidential information shall not be disclosed except in accordance with the terms of this Order.

22. Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described herein. Each person who has access to Discovery Material that has been designated as Confidential shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of such material.

23. A Party to this Action in possession of Confidential Discovery Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Discovery Material, and protect against unauthorized access to Confidential Discovery Material. To the extent that a Party to this Action does not have an information security program, they may comply with this provision by having the Confidential Discovery Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If a Receiving Party or other person receiving discovery governed by this Order discovers any loss of Confidential Discovery Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential

Discovery Material, the Receiving Party or other person receiving discovery governed by this Order shall: (1) promptly provide written notice to Disclosing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Disclosing Party with assurances reasonably satisfactory to Disclosing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Disclosing Party can reasonably ascertain the size and scope of the breach. The Receiving Party or other party receiving discovery governed by this Order agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or other person receiving discovery governed by this Order shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

24. Nothing contained in this Order, however, shall affect or restrict the rights of any Designating Party with respect to its own documents, data or information produced in this Action.

25. Each Party must promptly advise the Producing Party through counsel of any losses, or compromises of, the confidentiality of the Confidential Discovery Material governed by this Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material; (iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Order, execute the undertaking attached as Exhibit A hereto.

26. This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third Parties.

27. In the event additional Parties join or are joined in this action, the newly-joined Party shall not have access to Confidential Discovery Material until its counsel has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order.

## IV. FILING CONFIDENTIAL DISCOVERY MATERIAL

28. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed with the Court under seal and kept under seal until further order of the Court in a manner consistent with Rule II.H. of the Court's Individual Rules and Practices in Civil Cases and Section 6 of the Electronic Case Filing Rules & Instructions for the Southern District of New York, or in any manner otherwise permitted by the Court. The parties will make reasonable efforts to minimize such sealing.

29. Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery Material at issue.

30. Nothing herein shall preclude a Party from filing Discovery Materials that the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

## V. USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT

31. Unless applicable rules of the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing or pretrial conference, that Receiving Party shall use reasonable efforts to inform the Producing and/or Designating Party

of its intent to use such information in advance of the court appearance, without being obligated to identify the particular Confidential Discovery Material to be used.  Whether or not any such advance notice is given, the Receiving Party will provide the Producing Party and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material.  This provision is not intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

32.     A Party or Non-Party may object to the designation of Discovery Material as "Confidential" at any time (the "Objecting Party").  Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the "Confidential" designation of any Discovery Material by any Designating Party.

33.     In the event that an Objecting Party wishes to challenge the "Confidential" designation of any Discovery Material, the Objecting Party shall give written notice to the Designating Party and all Parties to the Action stating with particularity the grounds of the objection or request.  The Objecting Party and the Designating Party shall attempt in good faith to resolve all objections by agreement.  If any objections cannot be resolved by agreement within ten (10) days from when they were first made, the Objecting Party may submit the issue to the Court at any time in accordance with the Court's Individual Practices.  Any Discovery Material that is the subject of such a dispute shall be treated as Confidential Discovery Material until the Court's decision on the issue or until the Objecting Party withdraws such objection in writing.

### VII. CLAWBACK OF PROTECTED MATERIAL

34.     If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information, the subject matter of the Protected Information, or the right to object to the production or disclosure of the Protected Information in this Action or in any other proceeding.  Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall define whether a disclosure operates as a waiver in this case.

35.     If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection, the Producing Party shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Local Civil Rule 26.2.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of attorney-client privilege, attorney work product, or other applicable privilege, or a Receiving Party believes it may have received inadvertently produced information that is subject to such a claim, the obligations of the Receiving Parties are controlled by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(b).

36.     The return, sequester or destruction of any Protected Information pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) shall not in any way preclude the Receiving Party from moving the Court for an Order compelling production of the Protected Information.

### VIII. NON-PARTIES

37.     Any Non-Party from whom Discovery Material is or has been sought in this Action may obtain the protections of this Order by giving written notice to the Parties that it intends to be

bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

38.     The subpoenaing or requesting Party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

39.     To the extent that any Non-Party produces Discovery Material in this Action that contains Confidential Discovery Material of a Party to this Action, any Party may designate such Discovery Material as "Confidential," for purposes of this Order by delivering written notice of such designation to the Parties within thirty (30) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 30-day period, the Parties shall treat any Discovery Material produced by a Non-Party as Confidential Discovery Material.  Thereafter, only those portions of such Discovery Material designated as "Confidential" shall be deemed Confidential Discovery Material.

40.     As soon as practicable, and in no cases more than five (5) business days, after a Receiving Party's receipt of written responses and objections and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, a request pursuant to the Hague Convention, or any other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such written responses and objections, court filings, and/or Discovery Material available to all other Parties.

IX.     **LEGAL PROCESS**

41.     If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, and such subpoena or document demand seeks Confidential Discovery Material that was produced in this Action by a Designating Party other than the Receiving Party, the Receiving Party shall, unless otherwise required or

prohibited by law, give written notice as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Designating Party, and include with the notice a copy of the subpoena or request.  The Designating Party shall bear all responsibility for its objection to the production of such Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Designating Party, unless compelled or otherwise required by law or an order of the Court.  The Receiving Party shall make a good faith effort to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order.  Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of materials designated as Confidential Discovery Material in this Action.

## X.     FINAL DISPOSITION

42.     Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Action, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall make commercially reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and information derived therefrom, or return such materials to counsel for the Producing Party.  In either event, on or before the sixty-day deadline, the Receiving Party shall certify its return or destruction of all Confidential Discovery Material by submitting a written certification to the Producing Party that affirms, to the best of the Receiving

Party's knowledge after undertaking commercially reasonable efforts, that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.

43. Notwithstanding the foregoing provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material under this Order. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

44. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

### XI. MISCELLANEOUS

45. Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order, shall not:

(a) operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

(b) prevent any Party or Non-Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material, in connection with this Action or any other proceeding;

(c) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d) waive any applicable privilege, protection or immunity;

  (e) waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

  (f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purported Confidential Discovery Material;

  (g) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

  (h) bar the use or disclosure at trial of any information designated as Confidential Discovery Material; or

  (i) affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Action.

  46. It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Action.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

  47. The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

  48. Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

  49. The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

  50. This Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual,

telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

51. This Order shall become effective as a stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

Dated: September 4, 2020            Respectfully submitted,

| | |
|---|---|
| */s/ Omar Jafri* | */s/ Michael G. Bongiorno* |
| Omar Jafri | Michael G. Bongiorno |
| POMERANTZ LLP | Tamar Kaplan-Marans |
| 10 S. LaSalle, Suite 3505 | WILMER CUTLER PICKERING |
| Chicago, IL 60603 |   HALE AND DORR LLP |
| Tel: (312) 377-1181 | 7 World Trade Center |
| ojafri@pomlaw.com | 250 Greenwich Street |
| | New York, NY 10007 |
| *Counsel for Plaintiff Jonathan Schaeffer* | Tel: (212) 230-8800 |
| | Fax: (212) 230-8888 |
| | michael.bongiorno@wilmerhale.com |
| | tamar.kaplan-marans@wilmerhale.com |
| | |
| | *Counsel for Defendants Nabriva Therapeutics PLC, Ted Schroeder, Gary Sender, and Jennifer Schranz* |

Dated: New York, New York  
September 4, 2020

SO ORDERED:

*[signature: Gabriel W. Gorenstein]*

_____  
Hon. Gabriel Gorenstein  
United States Magistrate Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ,<br><br>Defendants. | No. 1:19-CV-04183-VM-GWG<br><br>**NON-DISCLOSURE AGREEMENT (EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER)** |

I, _____, acknowledge that I have read and understand the terms of the Protective Order entered in this Action governing the protection of Confidential Discovery Material. I agree that I will not disclose Confidential Discovery Material to anyone other than for purposes of this Action and as expressly permitted under the terms of the Protective Order. I further agree that, upon the request of the Producing Party, within 30 days of the conclusion of the Action, I will return all Confidential Discovery Material in my custody, possession, or control to the Producing Party or attorney from whom I received it or certify in writing that said information has been destroyed. By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under the Protective Order and that my willful violation of any term thereunder could subject me to punishment for contempt of Court.

Date: _____    Signature: _____

Printed name: _____