**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ, <br><br> Defendants. | **Case No. 19 Civ. 4183 (VM)** <br><br> <u>**CLASS ACTION**</u> |

<u>**STIPULATION OF SETTLEMENT**</u>

This Stipulation of Settlement (together with all Exhibits hereto, the "Stipulation"), dated as of December 7, 2020, is made and entered into by and among (i) Jonathan Schaeffer ("Lead Plaintiff"), on behalf of himself and other members of the Settlement Class (as defined below), (ii) Defendant Nabriva Therapeutics PLC ("Nabriva"), and (iii) Defendants Ted Schroeder, Gary Sender and Jennifer Schranz (collectively, the "Individual Defendants" and, together with Nabriva, the "Defendants"), by and through their undersigned counsel. Lead Plaintiff and Defendants are referred to collectively herein as the "Parties" and each as a "Party". This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below) against the Released Parties (as defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court.

WHEREAS, on or after May 8, 2019, *Enriquez v. Nabriva Therapeutics PLC et al.*, Case No. 19 Civ. 4183 (VM) and *Manna v. Nabriva Therapeutics PLC et al.*, Case No. 19 Civ. 4713 (VM) were filed in the United States District Court for the Southern District of New York;

WHEREAS, on May 24, 2019, the Court consolidated the two cases referenced above (the

consolidated *Enriquez* and *Manna* actions are referred to collectively herein as the "Action");

WHEREAS, on July 22, 2019, the Court appointed Jonathan Schaeffer as Lead Plaintiff, and appointed Pomerantz LLP and Holzer & Holzer LLC as Co-Lead Counsel;

WHEREAS, on September 23, 2019, Lead Plaintiff filed an Amended Complaint;

WHEREAS, on November 18, 2019, Defendants filed a letter to the Court seeking permission to file a motion to dismiss the Amended Complaint ("Defendants' Letter");

WHEREAS, on April 28, 2020, the Court construed Defendants' Letter as a motion to dismiss and granted the motion without prejudice;

WHEREAS, on June 8, 2020, Lead Plaintiff sought the Court's permission to file a Second Amended Complaint ("SAC");

WHEREAS, on June 23, 2020, the Court issued an order permitting Lead Plaintiff to file the SAC;

WHEREAS, on June 24, 2020, Lead Plaintiff filed the SAC;

WHEREAS, on July 8, 2020, Defendants filed their Answer to the SAC;

WHEREAS, on October 21, 2020, the Parties participated in a virtual mediation session before Michelle Yoshida, Esq., who made a mediator's proposal to all Parties, after a full day of negotiations, recommending the settlement of this Action for the Settlement Amount, as defined below;

WHEREAS, the Parties accepted the mediator's proposal and, on October 29, 2020, executed a binding Settlement Term Sheet;

WHEREAS, throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action;  have also denied and continue to

deny, *inter alia*, the allegations and claims that have been or could have been asserted by Lead Plaintiff, as well as the allegations that Lead Plaintiff or the Settlement Class have suffered damages or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action; and

WHEREAS, Defendants continue to believe that the claims asserted against them in the Action are without merit, have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, disclaim any and all wrongdoing and liability whatsoever, and have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Lead Plaintiff (on behalf of himself and each member of the Settlement Class) and Defendants, by and through their undersigned counsel, that the Action shall be dismissed fully, finally, and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and released as against the Released Parties, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.    DEFINITIONS

To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below:

A.    "Authorized Claimant" means a member of the Settlement Class who submits a timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected.  Only those members of the Settlement Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

B.    "Claims" means any and all manner of claims, debts, demands, controversies,

obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

C. "Class Member" means a member of the Settlement Class.

D. "Class Period" means the period from January 4, 2019 through April 30, 2019, both dates inclusive.

E. "Co-Lead Counsel" means the law firms of Pomerantz LLP and Holzer & Holzer LLC.

F. "Court" means the United States District Court for the Southern District of New York.

G. "Defendants' Counsel" means the law firm of WilmerHale LLP.

H. "Effective Date" shall have the meaning set forth in Section XIII.A of this Stipulation.

I. "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

J. "Escrow Agent" means The Huntington National Bank.

K. "Execution Date" means the last date upon which this Stipulation has been signed by all the signatories hereto through their counsel.

L.     "Final" as used herein with respect to the Judgment means the date by which the Judgment shall have been entered by the Court and either: (i) the time for appeal from the Judgment has expired with no appeal taken; or (ii) if the Judgment is appealed, such appeal is dismissed or withdrawn, or the Judgment has been affirmed in all material respects and is no longer subject to further appeal or other review; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses, to any award to Lead Plaintiff, or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in Section XI, or shall affect or delay the date on which the Final Judgment becomes Final.

M.     "Final Approval Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; whether an order approving the Settlement should be entered thereon; whether the Plan of Allocation of the Net Settlement Fund should be approved; and whether and in what amounts to award attorneys' fees and expenses to Co-Lead Counsel and a reimbursement award to Lead Plaintiff.

N.     "Gross Settlement Fund" means the Settlement Amount defined herein (or any proceeds therefrom), plus all interest earned thereon.

O.     "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, substantially in the form attached hereto as Exhibit 1-B, or in such other form as the Court may direct.

P.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses; and (iv) a

reimbursement award to Lead Plaintiff, if any.

Q.    "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the Settlement administration, and shall include, among other things, the cost of publishing Summary Notice (as defined in Section V below) on a national business internet wire service; printing and mailing the Notice (as defined in Section V below), as directed by the Court; and the cost of processing proofs of claim and distributing the Net Settlement Fund to Settlement Class Members who timely submit a valid Proof of Claim and Release.

R.    "Order for Notice and Hearing" means the order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit 1-A, or in such other form as the Court may direct.

S.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

T.    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not part of this Stipulation and is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

U.    "Proof of Claim and Release" means the Proof of Claim and Release to be submitted by claimants, substantially in the form attached as Exhibit 1-E.

V.    "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former

6

DocuSign Envelope ID: D8E5774E-F012-46C9-A1E4-D3ED524D8C6D

employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former, and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, and successors of each Released Party, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

W.    "Released Parties" means Defendants Nabriva, Ted Schroeder, Gary Sender, and Jennifer Schranz, and each and all of their Related Parties, including all of Nabriva's current and former officers, directors, employees, and insurers.

X.    "Released Claims" means and includes any and all Claims, including Unknown Claims (as defined herein), that have been or could have been asserted by or on behalf of Lead Plaintiff or any member of the Settlement Class in the Action, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Nabriva common stock during the Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

Y.    "Settlement" means the settlement contemplated by this Stipulation.

Z.    "Settlement Administrator" means A.B. Data, LTD., which shall administer the Settlement.

AA.    "Settlement Amount" means three million U.S. Dollars in cash ($3,000,000).

BB.    "Settlement Class" means the Class for which Lead Plaintiff will seek certification

by the Court for the purpose of this Settlement only, consisting of:

> All Persons and entities that purchased or otherwise acquired Nabriva common
> stock during the period from January 4, 2019 through April 30, 2019, both dates
> inclusive, and who were damaged thereby.

Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any

entity in which Defendants have or had a controlling interest; and the immediate family members,

legal representatives, heirs, successors, or assigns of any of the above.

CC.    "Supplemental Agreement" means the agreement executed concurrently herewith

by Co-Lead Counsel and Defendants' Counsel described in Section XIII.I of this Stipulation.

DD.    "Unknown Claims" means and includes any and all claims that Lead Plaintiff or

one or more Class Members does not know or suspect to exist in his, her, or its favor at the time

of the release of the Released Parties.  This includes claims which, if known by him, her, or it,

might have affected his, her, or its settlement with and release of the Released Parties, or might

have affected his, her, or its decision(s) with respect to the Settlement and the Released Claims,

including his, her, or its decision to object or not to object to this Settlement.  The Parties expressly

acknowledge that, by operation of the Judgment, the Lead Plaintiff and each Class Member shall

have, and shall be deemed to have, expressly waived and relinquished any and all provisions,

rights, and benefits conferred by any law of any state or territory of the United States or any other

jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to

California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party*
> *does not know or suspect to exist in his or her favor at the time of executing the*
> *release and that, if known by him or her, would have materially affected his or*
> *her settlement with the debtor or released party.*

Lead Plaintiff and each Class Member may hereafter discover facts, legal theories, or authorities

8

in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff and each Class Member expressly, fully, finally, and forever settle and release, and shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Lead Plaintiff and each Class Member expressly acknowledge, and by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.     SETTLEMENT CONSIDERATION

A.     Within ten (10) business days after the Court enters the Order for Notice and Hearing preliminarily approving the Settlement, Defendants shall wire or cause their insurers to wire the Settlement Amount to the Escrow Account maintained by the Escrow Agent on behalf of Lead Plaintiff and the Settlement Class, provided that, at least five (5) days before the Court enters preliminary approval, Defendants and their insurers shall have received written payment instructions to issue and deliver the Settlement Amount by wire transfer to the Escrow Account and the IRS Form W-9 for the Escrow Account.

B.     Defendants and their insurers will not be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Class Member or Co-Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the

9

Escrow Account).

## III.    THE ESCROW ACCOUNT

A.    The Escrow Account, including any interest earned thereon and net of any taxes on the income thereof, shall be used to pay: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses, and (iv) a reimbursement award to Lead Plaintiff. The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation. Lead Plaintiff and Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.    All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to an order of the Court.

C.    The Escrow Agent shall invest the Settlement Amount exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.    Prior to the Effective Date, the Escrow Agent shall not disburse the Gross Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Co-Lead Counsel and Defendants' Counsel.

E.    After the Effective Date, Defendants shall have no interest in the Gross Settlement

10

Fund or in the Net Settlement Fund.

F.      The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

G.      Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent, or with respect to the disbursement of any portion of the Gross Settlement Fund.  The Gross Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this Section III.G.

## IV.      NOTICE AND ADMINISTRATION EXPENSES

All Notice and Administration costs shall be paid from funds in the Gross Settlement Fund. The Settlement Administrator shall invoice only such Notice and Administration Expenses as are necessary and reasonable to provide Notice to the Settlement Class and to administer the Settlement.  At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent is authorized to pay invoices for Notice and Administration Expenses upon the approval of Co-Lead Counsel of up to $150,000.00 without further Court approval.  No further Notice and Administration Expenses may be paid prior to final approval except by Court order.  Lead Plaintiff, Co-Lead Counsel, Defendants, Defendants' Counsel, and Defendants' insurers shall not bear any liability for Notice and Administration Expenses.

## V.      ORDER FOR NOTICE AND HEARING

As soon as practicable after execution of this Stipulation, Lead Plaintiff shall submit this Stipulation together with its exhibits to the Court and shall apply for entry of an Order for Notice and Hearing substantially in the form and content of Exhibit 1-A attached hereto, requesting, *inter*

11

*alia*, the preliminary approval of the Settlement as set forth in the Stipulation, and final approval of forms of notice to be mailed to all potential Settlement Class Members who can be identified with reasonable effort (the "Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits 1-D and 1-C .

For the sole purpose of this Settlement, the Parties stipulate, agree and consent to: (i) certification of this Action as a class action pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure; (ii) appointment of Lead Plaintiff as the Class Representative of the Settlement Class; and (iii) appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  The Parties agree that the proposed Order for Notice and Hearing attached hereto as Exhibit 1-A will certify the Action to proceed as a class action for settlement purposes only.

The Notice shall include a proof of claim substantially in the form of Exhibit 1-E attached hereto (the "Proof of Claim and Release"), containing the general terms of the Settlement set forth in the Stipulation and setting forth the procedure by which any Person that otherwise would be a Class Member may request to be excluded from the Settlement Class.

The Parties shall request that after the Notice and Summary Notice have been mailed and published, respectively, in accordance with this Stipulation, the Court hold the Final Approval Hearing to approve the Settlement of this Action.

## VI.    JUDGMENT APPROVING THE SETTLEMENT

At the Final Approval Hearing, the Parties shall jointly request entry of the Judgment substantially in the form attached hereto as Exhibit 1-B, or in such other form as the Court may direct.

## VII.    ATTORNEYS' FEES AND EXPENSES

A. Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Co-Lead Counsel from the Gross Settlement Fund for: (a) an award of attorneys' fees, (b) reimbursement of costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action, and (c) any interest on the attorneys' fees and the costs and expenses as may be awarded by the Court at the same rate and for the same periods as earned by the Gross Settlement Fund until paid. Co-Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary. Defendants shall take no position with respect to the Fee and Expense Application(s).

B. Any attorneys' fees and expense reimbursement awarded by the Court ("Fee Award") shall be paid, including any interest thereon, from the Gross Settlement Fund within ten (10) days of the date the Court enters an order awarding such fees and expenses. This payment shall be subject to Co-Lead Counsel's joint and several obligation to make full refund or repayment (including interest earned thereon) within fourteen (14) business days after the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Stipulation is terminated for any other reason, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C. The procedure for and allowance or disallowance by the Court of any application for attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the

Settlement of the Action. Co-Lead Counsel may apply to the Court to authorize the payment of a reimbursement award from the Gross Settlement Fund for the time and expenses expended by Lead Plaintiff in assisting Co-Lead Counsel in the litigation of this Action.  Defendants shall take no position with respect to this application.  Any such payment authorized by the Court to Lead Plaintiff shall be payable in cash within five (5) days after the Effective Date.

D.      The procedure for, and allowance or disallowance by the Court of any application for a reimbursement award to Lead Plaintiff are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceeding relating to the reimbursement award, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

E.      Any Fee Award to Co-Lead Counsel and any reimbursement award to Lead Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly.   No Defendant shall have any responsibility for payment of Co-Lead Counsel's attorneys' fees and interest, expenses or other awards to Lead Plaintiff beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in Section II above.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Co-Lead Counsel, Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## VIII.  CLASS CERTIFICATION

The Judgment shall certify the Settlement Class for purposes of this Settlement. However, in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, the Parties agree that the Settlement Class shall be decertified without prejudice, and that the Parties shall revert to their pre-settlement positions.

## IX. ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF THE NET SETTLEMENT FUND

A.     Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release in the form annexed hereto as Exhibit 1-E, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim and Release.

B.     All Proofs of Claim and Releases must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Class Member who fails to submit a properly completed Proof of Claim and Release within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.     The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.     Each Proof of Claim and Release shall be submitted to the Settlement Administrator to determine Authorized Claimants' *pro rata* share of the Net Settlement Fund pursuant to this Stipulation and the Plan of Allocation to be approved by the Court.

E.     The Settlement Administrator shall administer and calculate the claims submitted

by Persons seeking recovery from the Settlement, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court. Neither Co-Lead Counsel, its designees or agents, Lead Plaintiff, Defendants' Counsel or Defendants shall have any liability arising out of such determination.

F. The administrative determination of the Settlement Administrator accepting and rejecting claims shall be presented to the Court for approval.

G. Following the Effective Date and upon application to the Court by Co-Lead Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator or Escrow Agent.

H. The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with the following:

1. Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

2. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

3. Each Person who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Person.

4. Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed by the Court, shall be forever barred from receiving any payments pursuant to the

16

Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.      All Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth in the Notice (as defined in Section V, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means any distribution from the Gross Settlement Fund or the Net Settlement Fund.

I.      This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment becomes final, no portion of the Gross Settlement Fund will be returned to Defendants or any of their insurers.

J.      Defendants, their counsel, Defendants' insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund and the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of taxes or tax expenses, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.  No Person shall have any claims against Co-Lead Counsel, the Settlement Administrator, or any other agent designated by Co-Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

K.      Neither Defendants nor Defendants' Counsel shall have any involvement in the

solicitation or review of Proofs of Claim and Releases, nor any involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

L.      It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to a Class Member's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

M.      No Person shall have any claim against Lead Plaintiff or Co-Lead Counsel, the Escrow Agent, or the Settlement Administrator, based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

## X.      TAX TREATMENT

A.      The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation. The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner. In addition, the Settlement Administrator and the Escrow Agent, shall, as necessary or advisable to carry out the provisions of this Section, make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back

18

to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1), and timely and properly paying any taxes imposed on the Escrow Account. Such returns and Statements (as well as the election described in Section X.A hereof) shall be consistent with this Section X.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Section X.C hereof.

C.      All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account. Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely

paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of paragraphs A-C of this Section.

D.     The Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account.

## XI.     RELEASES, INJUNCTIONS, AND COVENANTS NOT TO SUE

Upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from asserting, instituting, commencing, or prosecuting any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, in any forum, whether or not such Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.  Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Lead Plaintiff, Class Members or Co-Lead Counsel related to this Action or the prosecution thereof.

## XII.   CONTRIBUTION BAR ORDER

The Parties shall request that the Court enter a Contribution Bar Order in the Judgment as follows:  To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.  The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order."  For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement by any Released Parties.

## XIII.   SETTLEMENT CONDITIONS AND TERMINATION

A.      The Effective Date of this Stipulation shall not occur unless and until each of the following events occur, and it shall be the date upon which the last in time of the following events occurs:

1.      Counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation;

2.      The Court enters the Order for Notice and Hearing as provided in Section V or a preliminary approval order containing materially the same terms;

3.      Defendants or their insurers shall have timely delivered the Settlement

21

Amount to the Escrow Fund;

4. The Court has approved the Settlement as described herein, following notice to the Settlement Class, and has entered the Judgment as provided in Section VI or a final approval order containing materially the same terms;

5. The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option;

6. The Court has entered the Bar Order;

7. The Judgment has become Final; and

8. The Action has been dismissed with prejudice.

B. Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within seven (7) business days of:

1. The entry of a Court order declining to enter the Order for Notice and Hearing in any material respect;

2. The entry of a Court order refusing to approve this Stipulation in any material respect;

3. The entry of a Court order declining to enter the Bar Order in any material respect;

4. The entry of a Court order declining to enter the Judgment in any material respect;

5. The entry of a Court order refusing to dismiss the Action with prejudice;

6. The entry of an order by which the Judgment is modified or reversed in any

22

material respect by any appeal or review; or

7.     The failure on the part of any Party to this Settlement to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in the preceding sentence or in Sections [C or I] below, no Party shall have the right to terminate the Stipulation for any reason.

C.     None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation upon notice to all Parties.

D.     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

E.     If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Gross Settlement Fund and all interest earned on the Gross Settlement Fund while held in escrow (less Notice and Administration Expenses or taxes paid or incurred), including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable Notice and Administration Expenses), shall be refunded by the Settlement Administrator and/or the Escrow Agent as directed by Defendants' Counsel within seven (7) business days of such cancellation or termination.  At the Defendants' direction, the Escrow Agent

or their designee shall apply for any tax refund owed on the Gross Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for a refund, as directed by Defendants' Counsel.

F.      Upon the occurrence of the Effective Date, the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph E of this Section, shall be absolutely and forever extinguished.

G.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of October 21, 2020; the Parties' counsel shall meet and confer on an appropriate schedule to propose to the Court; and the Parties shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: this Section XIII.G; Section XIII.C; Section XIV; and, to the extent applicable, Section XV.

H.      No order of the Court concerning the Plan of Allocation, the Fee and Expense Application, a reimbursement award to Lead Plaintiff, or a modification or reversal on appeal of any such order shall constitute grounds for cancellation or termination of the Stipulation.

I.      Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  Unless otherwise directed by the Court, the

Supplemental Agreement will not be filed with the Court.

## XIV.  NO ADMISSIONS

A.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and agree that their entry into this Settlement shall not be deemed to be an admission by Lead Plaintiff and the Settlement Class or by any Defendants as to the merits of any claim or defense or any allegation made in the Action.  This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Class Member, or any of the Released Parties, or any damages or injury to any Party, Class Member, or any Released Parties.

B.      The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication, act performed, or document executed pursuant to or in furtherance of this Stipulation or the Settlement, nor the Supplemental Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Lead Plaintiff and the Settlement Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Parties may file this Stipulation and/or the Judgment in any action

that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## XV.    MISCELLANEOUS PROVISIONS

A.      Within forty-five (45) days after the Effective Date, and subject to commercially reasonable efforts, any documents produced (formally or informally) by Defendants to Co-Lead Counsel, and any copies thereof, shall at Co-Lead's Counsel's own option either be returned to counsel for Defendants or destroyed, with Co-Lead Counsel certifying such destruction. Nothing in this paragraph requires any Party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for the purpose of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

B.      Notwithstanding the requirements of paragraph A of this Section, Co-Lead Counsel may retain (1) attorney work product, including an index that refers or relates to documents produced by Defendants; and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained produced documents shall continue to be protected under the Confidentiality Protective Order entered by the Court (Dkt. No. 66). An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use any retained produced documents.

C.       Except in the event of the delivery of a Termination Notice pursuant to Section XIII.B, termination pursuant to Section XIII.C, or termination pursuant to the terms of the Supplemental Agreement, the Parties hereto:   (a) acknowledge that it is their intent to consummate

the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation. The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Class Members to request exclusion from, or object to, the Settlement.

D.    All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

E.    Lead Plaintiff and Co-Lead Counsel represent and warrant that the Lead Plaintiff is a Class Member and none of Lead Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, or in any manner transferred in whole or in part.

F.    All exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

G.    This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

H.    This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties. No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

I.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves signed counterparts and a complete set of executed counterparts shall be filed with the Court.

J.      This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

K.      The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

L.      Lead Plaintiff, Co-Lead Counsel, Defendants, and Defendants' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any Person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any Person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

M.      All agreements by, between, or among the Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

N.      Any failure by any Party to this Stipulation to insist upon the strict performance by

any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

O.      The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

P.      Pursuant to the Class Action Fairness Act, no later than ten (10) calendar days after this Stipulation is filed with the Court, the Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and shall thereafter notify Co-Lead Counsel as to completion of such service.  Defendants shall pay the costs of providing CAFA notice.

Q.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of New York without regard to its conflicts of law rules and in accordance with the laws of the United States.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.  The Court shall retain exclusive jurisdiction to enforce all injunctions set forth herein.

R.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff or other Class Members against the Released Parties with respect to the Released Claims, and any potential

counterclaims Defendants and Released Parties could have asserted against Plaintiff, Class Members and their attorneys with respect to the allegations and prosecution of this Action. Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Lead Plaintiff or Co-Lead Counsel, or defended by Defendants, or their counsel, in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Michelle Yoshida, Esq.

S.      This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

T.      Nabriva shall obtain and deliver to Co-Lead Counsel no later than five (5) business days after the Court preliminarily approves the Settlement, the names and addresses of purchasers of its common stock during the Class Period as defined in this Stipulation, as set forth in the records of its transfer agent.

U.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

V.      The headings herein are used for the purpose of convenience and are not intended to have legal effect. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by Order of the Court, the day of the act, event, or default from which the designated

30

period of time begins to run shall not be included.

W.    Notices required or permitted by this Stipulation shall be submitted either by overnight mail or in person as follows:

| **Notice to Plaintiff:** | **Notice to Defendants:** |
|---|---|
| Omar Jafri | Michael Bongiorno |
| Pomerantz LLP | Tamar Kaplan-Marans |
| 10 South LaSalle Street | WilmerHale LLP |
| Suite 3505 | 7 World Trade Center |
| Chicago, IL 60603 | 250 Greenwich Street |
|  | New York, NY 10007 |

X.    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

Dated:  December 7, 2020

**Pomerantz LLP**

By: _Omar Jafri_____

Patrick V. Dahlstrom
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
          ojafri@pomlaw.com

**Holzer & Holzer LLC**

Corey D. Holzer
Marshall P. Dees
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30388
Telephone: (770) 392-0090
Email: cholzer@holzerlaw.com
          mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff*

31

DocuSign Envelope ID: D8E5774E-E012-46C9-A1E4-D3ED524D8C6B

*and the Class*

**WilmerHale LLP**

By: Tamar Kaplan-Marans
_____

Michael Bongiorno
Tamar Kaplan-Marans
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Michael.bongiorno@wilmerhale.com
Tamar.kaplan-marans@wilmerhale.com

*Counsel for Defendants Nabriva Therapeutics PLC,*
*Ted Schroeder, Gary Sender and Jennifer Schranz*

32