**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ,<br><br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 19 Civ. 4183 (VM)**<br><br>**Honorable Victor Marrero**<br><br>**CLASS ACTION** |

**ORDER AND FINAL JUDGMENT**

WHEREAS, this matter came before the Court for hearing on _____, 2021, pursuant to the Preliminary Approval Order entered December ___, 2020, on the application of the Parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all Persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.　　　This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein that are not otherwise identified have a meaning assigned to them as set forth in the Stipulation.

2.　　　The Court has jurisdiction over the subject matter of the action and over all parties to the Action, including all Class Members.

3.      On _____ 2021, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement.  In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Co-Lead Counsel on behalf of Lead Plaintiff and the Settlement Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.      In the Preliminary Approval Order, the Court found that Lead Plaintiff had made a sufficient showing that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting preliminary certification of the Settlement Class.  The Court finds that such requirements continue to be satisfied, and hereby finally certifies this Action as a class action for purposes of Settlement, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a Settlement Class consisting of:

> All Persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019 through April 30, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Co-Lead Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Class Members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure,

due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7).  The Court reaffirms that finding and holds that the best practicable notice was given to members of the Settlement Class under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all Persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing.  No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.  Thus, the Court hereby determines that all Class Members are bound by this Order and Final Judgment, except for those persons or entities listed on Exhibit ___ hereto who filed valid requests for exclusion.

7.     The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects.  In making this determination, the Court has considered factors with respect to fairness, which include (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risk of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks.  The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed

Settlement is fair, reasonable and adequate.

8.    The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2) and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9.    The Settlement provides that Defendants will cause $3,000,000 in cash to be paid into a Settlement Fund for the benefit of the Settlement Class.  Among other things, the recovery of an individual Class Member depends on the number of Nabriva shares that the Class Member purchased and sold, and the prices at which other Class Members who filed claims purchased and sold those shares.

10.    The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Plaintiff's Counsel.  The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

11.    The Court notes that there were _____ objections filed to the Settlement from Class Members.

12.    In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13.    The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as against Defendants and the Released Parties.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14.     Upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall hereby be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from asserting, instituting, commencing, or prosecuting any Released Claim against any of the Released Parties, directly, indirectly or in any other capacity, in any forum, whether or not such Class Members execute and deliver a Proof of Claim and Release form to the Settlement Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.

15.     Upon the Effective Date, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

16.     Upon the Effective Date, Defendants and anyone claiming through or on behalf

of any of them, shall hereby be deemed to have released, and by operation of this Judgment shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against, Lead Plaintiff, any Class Member and/or Co-Lead Counsel related to this Action or the prosecution thereof.

17.     The Court finds and concludes that throughout this Action Lead Plaintiff, Co-Lead Counsel, Defendants, and Defendants' Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that Lead Plaintiff and Co-Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

18.     Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Co-Lead Counsel attorneys' fees of $_____, plus reimbursement of their expenses in the amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid.  The foregoing amounts shall be paid from the Settlement Fund pursuant to the terms of the Stipulation, and the Released Parties shall have no liability or responsibility for this payment.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the settlement, and public policy.

19.     Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA in the amount of $_____.  The foregoing amount shall be paid from the Settlement Fund pursuant to the terms of the Stipulation, and the Released Parties shall have no liability or responsibility for

this payment.  Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

a.  is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence, or fault of Defendants, the Released Parties, or each or any of them;

b.  is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

c.  is or may be deemed to be or shall be used, offered, or received against the Parties, Defendants, or the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Lead Plaintiff or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.  is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Co-Lead Counsel or Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages

7

recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

20.    The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

21.    Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

22.    Without affecting the finality of this Order and Final Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement, the Stipulation and this Order and Final Judgment, including any application for expenses incurred in connection with administering and distributing the Settlement proceeds to members of the Settlement Class.

23.    The Court finds under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of this Judgment, and the Clerk is expressly directed to enter Judgment.

24.    The Court's rulings on the Plan of Allocation, Co-Lead Counsel's application for

8

an award of attorneys' fees and/or reimbursement of expenses, and Lead Plaintiff's application for a reimbursement award, shall not disturb or affect this Order or the finality of this Order.  More specifically, neither appellate review nor modification of the Plan of Allocation, nor any action in regard to the award to Co-Lead Counsel of attorneys' fees and expenses and to Lead Plaintiff of a reimbursement award, shall affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

25.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against any Party or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to October 21, 2020, pursuant to the terms of the Stipulation.

**SO ORDERED**.

Dated: _____

_____
Honorable Victor Marrero
United States District Judge
Southern District of New York