**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) |  |
| LARRY ENRIQUEZ v. NABRIVA | ) | Case No. 19 Civ. 4183 (VM) |
| THERAPEUTICS PLC *et al.* | ) | Honorable Victor Marrero |
|  | ) |  |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NABRIVA THERAPEUTICS PLC'S ("NABRIVA") COMMON STOCK DURING THE PERIOD FROM JANUARY 4, 2019 THROUGH APRIL 30, 2019, BOTH DATES INCLUSIVE (THE CLASS PERIOD), AND WHO WERE DAMAGED THEREBY (THE "CLASS").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS; THE OFFICERS, DIRECTORS, AND AFFILIATES OF NABRIVA; ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST; AND IMMEDIATE FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OF ANY OF THE ABOVE.**

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $3,000,000 (the "Settlement").

**POTENTIAL OUTCOME OF THE CASE:** Co-Lead Counsel recognize the expense, risks, and uncertain outcome of any litigation and subsequent appeals, especially in a complex action such as this with its inherent difficulties and delays. The Parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged.  No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action.  The Defendants continue to deny that they are liable and deny that Lead Plaintiff or the Class have suffered any damages, and the Settlement is not any admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.  Lead Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of the claims against Defendants, the uncertainties of trial and appeal, and the concrete benefits provided by the Settlement to the members of the Class ("Class Member"). The Settlement was entered into after arms' length mediation proceedings. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiff.  Defendants have also denied, *inter alia*, the allegations that Lead Plaintiff or the Class have suffered damages or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action. Defendants continue to believe that the claims asserted against them in the Action are without merit.

**ATTORNEYS' FEES AND COSTS SOUGHT:** Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Co-Lead Counsel will collectively apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $115,000.  In addition, a reimbursement award for the time and expenses incurred by Lead Plaintiff will be sought, not to exceed $5,000.  If these amounts are requested and awarded, Lead Plaintiff estimates that they would total $0.06154 per damaged share.

**IDENTIFICATION OF CO-LEAD COUNSEL**: Requests for further information may be directed to Co-Lead Counsel: Omar Jafri, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, Telephone: (312) 377-1181 or Corey D. Holzer, Holzer & Holzer LLC, 1200 Ashwood Parkway, Suite 410, Atlanta, GA 30338, Telephone: (770) 392-0090.

**DEFINITIONS:**  All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated December 7, 2020 ("Stipulation").

## I. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All Persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019 through April 30, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; and immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

## II. DESCRIPTION OF THE ACTION

### Summary of the Action

Beginning in May of 2019, two class action complaints were filed in the United States District Court for the Southern District of New York (the "Court").  The first, filed on May 8, 2019, was styled *Enriquez v. Nabriva Therapeutics Plc et al.*, Case No. 19 Civ. 4183 (VM).  The second, filed on May 22, 2019, was styled *Manna v. Nabriva Therapeutics Plc et al.*, Case No. 19 Civ. 4713 (VM).  Each complaint alleged violations of the Securities Exchange Act of 1934 for purportedly false and misleading statements made to the public. By order dated May 24, 2019, the Court consolidated the actions under the caption *Enriquez v. Nabriva Therapeutics Plc et al.*, and appointed Jonathan Schaeffer as Lead Plaintiff ("Lead Plaintiff") for the consolidated actions and approved Pomerantz LLP and Holzer & Holzer LLC as Co-Lead Counsel.  On September 23, 2019, Lead Plaintiff filed an Amended Complaint.

On November 18, 2019, the Defendants submitted a letter to the Court seeking permission to file a motion to dismiss the Amended Complaint.  The Court construed Defendants' letter as a motion to dismiss and granted the motion, without prejudice, by Order dated April 28, 2020.  In response to this Order, on June 8, 2020, Lead Plaintiff proffered a Second Amended Complaint

("SAC") which alleged that Defendants Nabriva, Ted Schroeder, Gary Sender and Jennifer Schranz (collectively, "Defendants") purportedly made false and misleading statements and failed to disclose material facts concerning the likelihood of the United States Food and Drug Administration's approval of the New Drug Application ("NDA") for an injectable drug called CONTEPO™. The SAC alleged that the price of Nabriva common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and that the price of Nabriva common stock declined when it was revealed that the FDA would not approve the NDA for CONTEPO.

On June 23, 2020, the Court allowed Lead Plaintiff to file the SAC and noted that it would deny any motion to dismiss the SAC without prejudice. Subsequently, the Parties commenced discovery, which has included the exchange of initial disclosures and the issuance of document requests and interrogatories.

### The Proposed Settlement and Evaluation by Co-Lead Counsel

On October 21, 2020, the Parties participated in an extended mediation session conducted by Michelle Yoshida, Esq. At the close of the mediation, the mediator made a proposal to all Parties to settle this Action for the Settlement Amount, which the Parties accepted.

Co-Lead Counsel continue to believe that the claims against the Defendants in this Action have merit and that the evidence would support their claims at trial. However, they acknowledge the expense and length of continued proceedings, trial, and appeals, and have considered the uncertain outcome and the risk of any litigation, especially complex actions like this. They are also mindful of the defenses asserted by Defendants, and the risks inherent to certifying a class action. Co-Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class, and based on the evaluation and recommendation of Co-Lead Counsel, Lead Plaintiff has determined that the Settlement is in the best interests of the Class.

### The Release

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Parties, without costs to any party except as provided herein, upon the Effective Date. Lead Plaintiff and all Class Members, whether or not any such Person submits a Proof of Claim and Release or seeks or obtains any payment from the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Parties from any and all of the Released Claims.

On the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties. The Settlement also bars any and all claims for contribution or indemnity against any of the Released Parties arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action.

## III. PROPOSED PLAN OF ALLOCATION

3

The $3,000,000 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Gross Settlement Fund.  The Gross Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1.  There is no Recognized Loss for any shares purchased before January 4, 2019.

2.  For shares purchased on or between January 4, 2019 and April 30, 2019, and

    (a)  sold on or before April 30, 2019, the Recognized Loss per share is $0.00.

    (b)  sold on or between May 1, 2019 and July 29, 2019, the Recognized Loss per share is the lesser of:

        i.   $0.79; or

        ii.  the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0; or

        iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

    (c)  that were still held as of the close of trading on July 29, 2019, the Recognized Loss per share is the lesser of

        i.   $0.79; or

        ii.  the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $2.31.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

4

| Table 1 | | | | | |
| 90-Day Lookback Period | | | | | |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 5/1/2019 | $2.17 | 5/31/2019 | $2.39 | 7/1/2019 | $2.28 |
| 5/2/2019 | $2.16 | 6/3/2019 | $2.39 | 7/2/2019 | $2.28 |
| 5/3/2019 | $2.16 | 6/4/2019 | $2.38 | 7/3/2019 | $2.29 |
| 5/6/2019 | $2.18 | 6/5/2019 | $2.38 | 7/5/2019 | $2.29 |
| 5/7/2019 | $2.18 | 6/6/2019 | $2.38 | 7/8/2019 | $2.29 |
| 5/8/2019 | $2.20 | 6/7/2019 | $2.36 | 7/9/2019 | $2.30 |
| 5/9/2019 | $2.23 | 6/10/2019 | $2.35 | 7/10/2019 | $2.30 |
| 5/10/2019 | $2.29 | 6/11/2019 | $2.34 | 7/11/2019 | $2.30 |
| 5/13/2019 | $2.32 | 6/12/2019 | $2.33 | 7/12/2019 | $2.30 |
| 5/14/2019 | $2.36 | 6/13/2019 | $2.32 | 7/15/2019 | $2.30 |
| 5/15/2019 | $2.39 | 6/14/2019 | $2.31 | 7/16/2019 | $2.30 |
| 5/16/2019 | $2.42 | 6/17/2019 | $2.30 | 7/17/2019 | $2.30 |
| 5/17/2019 | $2.43 | 6/18/2019 | $2.30 | 7/18/2019 | $2.31 |
| 5/20/2019 | $2.43 | 6/19/2019 | $2.29 | 7/19/2019 | $2.31 |
| 5/21/2019 | $2.43 | 6/20/2019 | $2.29 | 7/22/2019 | $2.31 |
| 5/22/2019 | $2.43 | 6/21/2019 | $2.29 | 7/23/2019 | $2.31 |
| 5/23/2019 | $2.41 | 6/24/2019 | $2.28 | 7/24/2019 | $2.31 |
| 5/24/2019 | $2.41 | 6/25/2019 | $2.28 | 7/25/2019 | $2.31 |
| 5/28/2019 | $2.40 | 6/26/2019 | $2.28 | 7/26/2019 | $2.31 |
| 5/29/2019 | $2.40 | 6/27/2019 | $2.27 | 7/29/2019 | $2.31 |
| 5/30/2019 | $2.40 | 6/28/2019 | $2.28 | | |

**General Provisions:**

1. There shall be no Recognized Loss for any Nabriva securities other than common stock.

2. The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. First-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4.  Common stock originally sold short will have no Recognized Loss.

5.  Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

6.  No cash payment will be made on a claim where the potential distribution amount is less than $20.  Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties, whether or not you are entitled to a cash payment.

7.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

8.  No Person shall have any claim against Co-Lead Counsel, the Settlement Administrator or other agent designated by Co-Lead Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9.  Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds.  Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Final Order and Judgment of the Court dismissing this Action.

## IV. <u>REQUESTING EXCLUSION FROM THE CLASS</u>

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked no later than _____, 2021**, addressed to the Settlement Administrator at: Nabriva Securities Litigation, c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee, WI 53217.  Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the Person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Nabriva common stock during the period January 4, 2019 through April 30, 2019, including the number of shares of common stock, principal amount and trade date of each purchase and sale.  A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email or fax.**

**If you are a Class Member and duly request to be excluded from the Class, you will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Class Members that have not requested exclusion shall conclusively be deemed to have released

and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V. <u>STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT</u>

Co-Lead Counsel intend to apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed 33 1/3 percent of the Settlement Amount, plus interest, and reimbursement for the reasonable expenses actually incurred in prosecuting the Action not to exceed $115,000. Co-Lead Counsel believe these requests to be fair and reasonable. Co-Lead Counsel have litigated this Action on a wholly contingent basis and have received no compensation during the period the case has been pending, while expending considerable time and expense, and risking considerable financial losses.

In addition, Co-Lead Counsel intend to apply to the Court for a reimbursement award from the Gross Settlement Fund to Lead Plaintiff for his reasonable time and expenses directly relating to the representation of the Class, in an amount not to exceed $5,000.

## VI. <u>THE FINAL APPROVAL HEARING</u>

The Final Approval Hearing will be held before the Honorable Victor Marrero on _____, 2021 at __:__ _.m., in Courtroom 15 B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $3,000,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the application for a reimbursement award to Lead Plaintiff should be granted. At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Settlement Administrator at its website: www.nabrivasecuritieslitigation.com.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the Court's PACER website.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation provided by Lead Plaintiff and Co-Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and expenses, or a reimbursement award to the Lead Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in Person or by attorney at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no Person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such Person shall be considered by the Court unless, no later than _____, 2021, (1) a notice of the Person's intention to appear, (2) a statement of such Person's objections to any matter before the Court, (3) the grounds for such objections or the reason for such Person's request to appear and to be heard, together with any documents that may be presented at the Final Approval Hearing; (4) a list of all transaction(s) involving Nabriva common stock from January 4, 2019 to April 30, 2019, inclusive, including the number of shares of common stock, principal

amount and trade date of each purchase and sale; and (5) brokerage statements and/or confirmation slips sufficient to establish that such Person is a member of the Class, are filed by such Person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Omar Jafri | Michael Bongiorno |
| POMERANTZ LLP | Tamar Kaplan Marans |
| 10 South LaSalle Street | WILMERHALE LLP |
| Suite 3505 | 7 World Trade Center |
| Chicago, IL 60603 | 250 Greenwich Street |
| | New York, NY 10007 |

Any Person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that Person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or a reimbursement award to the Lead Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered thereon, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Co-Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Net Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Settlement Administrator **postmarked on or before _____, 2021** at the following address:

Nabriva Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each Person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such Person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgement of the receipt of your Proof of Claim by the Settlement Administrator, please send it by certified mail, return receipt requested, or its equivalent. *No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.*

## VIII. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Nabriva common stock between January 4, 2019 and April 30, 2019, both dates inclusive, for the beneficial interest of a Person or organization other than yourself, you must either (a) within seven (7) days after receipt of this Notice, provide to the Settlement Administrator the name and last known address of each Person or entity (preferably in Excel or csv electronic format) setting forth (i) title/registration; (ii) street address; (iii) city/state/zip; or (b) request, in writing, additional copies of this Notice at the below address, which will be provided free of charge, and within seven (7) days after receipt of such Notices, mail the Notice directly to the beneficial owners of the securities referred to herein.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Settlement Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the actual out of pocket cost incurred in connection with ascertaining the names and addresses of beneficial owners, not to exceed $.70/unit. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Settlement Administrator at the following address: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com

## IX. EXAMINATION OF PAPERS AND INQUIRIES

For further information about the Action, you may contact the Settlement Administrator at its website, www.nabrivasecuritieslitigation.com, or by email at: info@nabrivasecuritieslitigation.com, or may contact Co-Lead Counsel at the address listed above, or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the Southern District of New York, the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Southern District of New York: https://ecf.nysd.uscourts.gov/.

If you have any questions concerning this case or your membership in the Class, please contact the Settlement Administrator: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,
THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: _____, 2021                                     By Order of the Court
                                                         United States District Court
                                                         Southern District of New York