## PROOF OF CLAIM AND RELEASE FORM

### A. GENERAL INSTRUCTIONS & INFORMATION

1.    You are urged to read carefully the accompanying Notice of Pendency and Proposed Settlement of Class Action (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.    To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.    **You must mail your completed and signed Proof of Claim postmarked on or before _____, 2021, addressed to the Settlement Administrator at:**

Nabriva Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

4.    If you are a Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.    If you are **not** a Class Member, **do not** submit a Proof of Claim.

6.    **If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

### B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.    In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased Nabriva Therapeutics PLC's ("Nabriva") common stock between January 4, 2019 and April 30, 2019, both dates inclusive (the "Class Period"), and otherwise be a Class Member as defined in the Notice.

2.    The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation.  You may be requested to provide further information.

3.    All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Nabriva common stock.  (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.)  If Nabriva common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.    Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Settlement Administrator's electronic filing department at info@nabrivasecuritieslitigation.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim number(s) and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@nabrivasecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

7.   There will be no Recognized Loss attributed to any Nabriva securities other than common stock.

8.   The date of purchase and/or sale of shares of Nabriva common stock is the "trade" date and not the "settlement" date.

9.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.  Nabriva common stock originally sold short will have no Recognized Loss.

11.  Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion.  Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

12.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

13.  No cash payment will be made on a claim where the potential distribution is less than $20.00.

14.  You must attach to your Proof of Claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Nabriva common stock in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in Section A.  You may make photocopies of this form.

*Nabriva Securities Litigation*

## PROOF OF CLAIM

**Must be received by the Settlement Administrator postmarked no later than _____, 2021.**

### C. CLAIMANT IDENTIFICATION

*Please Type or Print*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____                    _____        _____
City                                                            State                          Zip Code

_____        _____
Foreign Province                                                    Foreign Country

_____  **or**  _____
Last Four Digits of Social Security Number              Last Four Digits of Taxpayer Identification
                                                                        Number

Specify one of the following:

Individual(s) _____        Corporation _____        IRA _____        UGMA Custodian _____

Partnership _____          Estate _____              Trust_____      Other: _____

_____        _____ (Day) _____        _____
(Evening) Area Code    Telephone Number              Area Code        Telephone Number

_____        _____
Facsimile Number                                                    E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

**D.  SCHEDULE OF TRANSACTIONS IN NABRIVA COMMON STOCK**

1.   State the total number Nabriva common stock held as of close of trading on January 3, 2019.  If none, write "zero" or "0." _____

2.   Separately list each and every **purchase** of Nabriva common stock between January 4, 2019 **through** July 29, 2019, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Purchase / Acquisition Price Per Share | Total Amount of Purchase (excluding commissions, taxes and other fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.   Separately list each and every **sale** of Nabriva common stock between January 4, 2019 through July 29, 2019, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount of Sale (excluding commissions, taxes and other fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4.   State the **total number** of Nabriva common stock owned at the close of trading on July 29, 2019, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

### E. **SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim and Release form, I/we, and every Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement. I/we further agree to be bound by the orders of the Court, agree that this Proof of Claim form, my/our status or the status of the Class Member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

### F. **RELEASE**

By signing this Proof of Claim and Release form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, hereby releases and forever discharges all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties."

"Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former, and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, and successors of each Released Party, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

"Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

"Released Claims" means and includes any and all Claims, including Unknown Claims, that have been or could have been asserted by or on behalf of Lead Plaintiff, Claimant, or any member of the Settlement Class in the Action, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Nabriva common stock during the Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

"Released Parties" means Defendants Nabriva, Ted Schroeder, Gary Sender, and Jennifer Schranz, and each and all of their Related Parties, including all of Nabriva's current and former officers, directors, employees, and insurers.

"Unknown Claims" means and includes any and all claims that Claimant or one or more Class Members does not know or suspect to exist in his, her, or its favor at the time of the release of the Released

5

Parties.  This includes claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement.  The Claimant expressly acknowledges, and the other Class Members by operation of the Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Claimant and each Class Member may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Claimant and the Class Members expressly, fully, finally, and forever settle and release, and shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Claimant and the Class Members expressly acknowledge, and by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

Upon the Effective Date, Claimants, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from asserting, instituting, commencing, or prosecuting any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, in any forum, whether or not such Claimants execute and deliver a Proof of Claim and Release to the Settlement Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund. Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against any Claimant, Class Members or Plaintiff's Counsel related to this Action or the prosecution thereof.

## G. <u>REPRESENTATIONS</u>

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's immediate family or their legal representative, heir, successor or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release form.

## H. <u>CERTIFICATION</u>

I/we certify that I am/we are not subject to backup withholding.  **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of

Claim was executed this _____ day of _____ ,   2021   in _____ . (City) (State/Country)

_____

Signature of Claimant

_____

(Print your name here)

_____

Signature of Joint Claimant, if any

_____

(Print your name here)

_____

Signature of person signing on behalf of Claimant

_____

(Print your name here)

_____

Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Remember to sign the above Certification.

2.  Remember to attach only **copies** of acceptable supporting documentation.  Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3.  Do not send originals of securities certificates.

4.  Keep copies of the completed claim form and documentation for your own records.

5.  The Settlement Administrator will acknowledge the receipt of your Proof of Claim within 60 days of receipt.  If you do not receive such acknowledgement within 60 days, please contact the Settlement Administrator.   Your claim is not deemed filed until you receive such acknowledgement.

6.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7.  If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com