USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ,<br><br>Defendants. | Case No. 19 Civ. 4183 (VM)<br><br>Honorable Victor Marrero<br><br>CLASS ACTION |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Parties to the above-entitled action entered into a Stipulation of Settlement dated December 7, 2020 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents, including the Motion for Preliminary Approval of Class Action Settlement; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.    The Court finds, preliminarily and for the purposes of this Settlement only, that:

    (a)    the Settlement resulted from informed, extensive arm's length negotiations, including a mediation session before an experienced mediator;

    (b)    the Settlement is sufficiently fair, reasonable, and adequate, and that there

is sufficient likelihood that the Court will be able to approve the Settlement pursuant to Rule 23(e)(2) to warrant providing notice of the Settlement to the Settlement Class;

(c) Lead Plaintiff has made a sufficient showing in his moving papers, and Defendants do not contest, that each of the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure is satisfied in the context of this Settlement, and therefore the Action is preliminarily certified as a class action on behalf of all Persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019 through April 30, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; immediate family members, legal representatives, heirs, successors, or assigns of any of the above;

(d) Lead Plaintiff Jonathan Schaeffer is adequate to serve as and is hereby appointed Class Representative for the Settlement Class; and

(e) Pomerantz LLP and Holzer & Holzer LLC are adequate to serve as and are hereby appointed Class Counsel for the Settlement Class.

2. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on Friday, May 14, 2021 at 10:30 a.m., to determine:[1]

(a) whether the Settlement, on the terms and conditions provided for in the

---

[1] At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Settlement Administrator at its website: www.nabrivasecuritieslitigation.com.

2

Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

   (b) whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

   (c) whether the Judgment substantially in the form attached as Exhibit 1-B to the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the release of the Released Parties as set forth in the Stipulation should be ordered;

   (d) whether the Court should permanently enjoin and bar the assertion of any Released Claims;

   (e) whether the Fee and Expense Application submitted by Co-Lead Counsel should be approved;

   (f) whether the proposed Plan of Allocation should be approved;

   (g) whether any Class Member's timely objection to the Settlement, the proposed Plan of Allocation, the Fee and Expense Application, and/or a reimbursement award to Lead Plaintiff should be sustained; and

   (h) such other matters as the Court may deem necessary or appropriate.

  3. The Court reserves the right to approve the Settlement with or without modification, with or without further notice to the Settlement Class, and may adjourn the Final Approval Hearing without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the proposed Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and expenses or a reimbursement award to Lead Plaintiff.

  4. The Court approves the form, substance and requirements of the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice of Proposed

Settlement of Class Action (the "Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim") annexed hereto as Exhibits 1-D, 1-C and 1-E, respectively.

5. The Court approves the appointment of A.B. Data Ltd. as the Settlement Administrator.

(a) The Settlement Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, within twenty-one (21) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort. Within five (5) business days of this Order, Nabriva, at its expense, shall obtain and deliver to Co-Lead Counsel the names and addresses of Class Members, as set forth in the records of its transfer agent, for the purpose of identifying and giving notice to the Settlement Class. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

(b) The Settlement Administrator shall cause the Summary Notice to be published in a national business internet newswire, substantially in the form annexed hereto, within ten (10) calendar days after the mailing of the Notice.

6. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). They constitute the best notice practicable under the circumstances and provide due and sufficient notice to all Persons and entities entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

7. The Escrow Agent is authorized to pay invoices for Notice and Administration Expenses upon the approval of Co-Lead Counsel of up to $150,000.00 without further Court approval.

8. Class Counsel, through the Settlement Administrator, shall make all reasonable efforts to give notice to nominees or custodians who purchased or acquired Nabriva common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Notice sufficient to send the Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Settlement Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Settlement Administrator shall promptly deliver the Notice to such beneficial owners. If the Settlement Administrator receives an email address, it will send a Summary Notice electronically. Nominees or custodians who elect to send the Notice to their beneficial owners shall send a written certification to the Settlement Administrator confirming that the mailing has been made as directed. Additional copies of the Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Settlement Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.70 per name and address; mailing of Notice up to $0.70 per unit, plus postage at the rate used by the Settlement Administrator; or emailing of notice up to $0.70 per email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

9. In order to be entitled to participate in recovery from the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) Each Person claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim postmarked on or before Friday, April 30, 2021, substantially in a form contained in Exhibit 1-E attached hereto and as approved by the Court, signed under penalty of perjury.

(b) Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Co-Lead Counsel may, in their discretion, accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

10. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall, no later than fourteen (14) calendar days prior to the date scheduled herein for the

6

Final Approval Hearing, mail a request for exclusion in written form by first-class mail postmarked to the address designated in the Notice. Such request for exclusion shall indicate: (i) the name, address and telephone number of the Person seeking exclusion, (ii) the Person requests to be excluded from the Settlement, (iii) the number of shares of Nabriva common stock purchased and sold, as well as the dates of such purchases and sales, and (iv) must be signed by the Person requesting exclusion. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

11. The Court will consider objections to the Settlement, the proposed Plan of Allocation, the award of attorneys' fees and expenses, and/or a reimbursement award to Lead Plaintiff. To the extent any Person objects to the Settlement, an objection and any supporting papers, accompanied by proof of Settlement Class membership (*i.e.*, confirmations of all purchases and sales of Nabriva common stock), shall be filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, and served upon Co-Lead Counsel no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing. Copies of objections and supporting documents shall be served upon Omar Jafri, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603 and Corey D. Holzer, Esq., Holzer & Holzer LLC, 1200 Ashwood Parkway, Suite 410, Atlanta, GA 30338. Persons who intend to object to the Settlement, the proposed Plan of Allocation, the request for an award of attorneys' fees and expenses and/or a reimbursement award to Lead Plaintiff, and desire to present evidence at the Final Approval Hearing, must include in their written objections copies of any exhibits they intend to introduce

7

into evidence at the Final Approval Hearing. As required by Federal Rule of Civil Procedure 23(e)(5)(A), any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days prior to the Final Approval Hearing. A Class Member who files a written objection does not have to appear at the Final Approval Hearing for the Court to consider his, her or its objection.

12. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the proposed Plan of Allocation, the award of attorneys' fees and expenses to Co-Lead Counsel and/or a reimbursement award to Lead Plaintiff; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

13. All papers in support of the Settlement, the proposed Plan of Allocation, and any application by Plaintiff's Counsel for attorneys' fees, expenses and a reimbursement award to Lead Plaintiff shall be filed thirty (30) calendar days prior to the Final Approval Hearing. All reply papers shall be filed and served at least seven (7) calendar days prior to the Final Approval Hearing.

14. At or prior to the Final Approval Hearing, the Settlement Administrator shall provide, by affidavit or declaration, proof of such mailing and publication to the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be *in*

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

16.     Defendants' Counsel and Co-Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17.     Defendants, their counsel, Defendants' insurers, and the other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to Lead Plaintiff submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed, or due and owing from the Gross Settlement Fund for the notice and administration of the Settlement as provided for in the Stipulation.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed or construed as an admission or concession by Defendants, their counsel, or Defendants' insurers of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be

construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Lead Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

21. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff or Defendants elect to terminate the Settlement, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any Person or entity for any purpose, and each party shall be restored to his, her or its respective position as it existed on October 21, 2020.

22. The Court may adjourn or continue the Final Approval Hearing without further written notice.

23. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**SO ORDERED**.

Dated: January 28, 2021

_____
Victor Marrero
U.S.D.J.