**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated, | ) ) | **Case No. 19 Civ. 4183 (VM)** |
| | ) | |
| Plaintiff, | ) | **Honorable Victor Marrero** |
| | ) | |
| v. | ) | |
| | ) | **CLASS ACTION** |
| NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF NANCY V. ROGERS REGARDING NOTICE ADMINISTRATION**

I, Nancy V. Rogers, declare as follows:

1. I am a Project Manager with A.B. Data, Ltd. ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's January 28, 2021, Preliminary Approval Order, A.B. Data was appointed as Settlement Administrator in connection with the above-captioned action (the "Action"). I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Class Members and their nominees. A copy of the Notice Packet is attached hereto as Exhibit A.

3. On February 2, 2021, A.B. Data received a data file produced by Nabriva's transfer agent containing the names and addresses of 67 potential Class Members. Upon receipt, the data was electronically processed by A.B. Data to ensure adequate address formatting and to identify any duplicate names and addresses. On February 18, 2021, A.B. Data caused Notice Packets to be sent by First-Class Mail to these 67 potential Class Members.

4. As in most class actions of this nature, the large majority of potential Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the names of the respective nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database"). A.B. Data's Record Holder Mailing Database is updated from time to time as new nominees are identified and others go out of business. At the time of the initial mailing, the Record Holder Mailing Database contained 4,990 mailing records. On February 18, 2021, A.B. Data caused the Notice Packet to be sent by First-Class Mail to the 4,990 addresses whose mailing records were contained in the Record Holder Mailing Database.

5. The Notice directed those who purchased Nabriva common stock during the Class Period (*i.e.*, January 4, 2019 through April 30, 2019, inclusive) as a nominee for a beneficial owner, to either: (a) within seven days of receipt of the Notice, request from A.B. Data sufficient copies of the Notice Packet to forward to all such beneficial owners; or (b) within seven days of receipt of the Notice, provide to A.B. Data a list of the names and addresses of all such beneficial owners.

6. As of the date of this Declaration, A.B. Data has received an additional 1,806 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data also received requests from brokers and other nominee holders for

1,675 Notice Packets to be forwarded by the nominees to their customers. In total, 8,538 Notice Packets have been sent to potential Class Members and their nominees. All such requests have been and will continue to be complied with and addressed in a timely manner.

## PUBLICATION OF THE SUMMARY NOTICE

7. Pursuant to Paragraph 5(b) of the Preliminary Approval Order, A.B. Data was required to cause the Summary Notice to be published in a national business internet newswire no later than ten calendar days after the Notice Date. On February 26, 2021, A.B. Data caused the Summary Notice to be disseminated over *PR Newswire*. A copy of the dissemination over *PR Newswire* is attached as Exhibit B.

## TELEPHONE HELPLINE

8. On or about February 18, 2021, A.B. Data established and continues to maintain a case-specific, toll-free telephone helpline, 1-800-918- 9014, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours.

## WEBSITE

9. On or about February 18, 2021, A.B. Data established and continues to maintain a website dedicated to the Settlement, www.NabrivaSecuritiesLitigation.com, to assist potential Class Members. The website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Claim Form, Stipulation of

Settlement, and Preliminary Approval Order are posted on the website and are available for downloading.

## REQUESTS FOR EXCLUSION RECEIVED

10. The Notice informed potential Class Members that requests for exclusion from the Class are to be mailed to the Settlement Administrator postmarked no later than April 30, 2021. The Notice also set forth the information that was required to be included in each request for exclusion. As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of April, 2021.

Nancy V. Rogers

4

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| LARRY ENRIQUEZ v. NABRIVA | ) | Case No. 19 Civ.4183 (VM) |
| THERAPEUTICS PLC, *et al.* | ) | Honorable Victor Marrero |
| | ) | |

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**TO:** **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NABRIVA THERAPEUTICS PLC'S ("NABRIVA") COMMON STOCK DURING THE PERIOD FROM JANUARY 4, 2019, THROUGH APRIL 30, 2019, BOTH DATES INCLUSIVE (THE CLASS PERIOD), AND WHO WERE DAMAGED THEREBY (THE "CLASS").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS; THE OFFICERS, DIRECTORS, AND AFFILIATES OF NABRIVA; ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST; AND IMMEDIATE FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY OF THE ABOVE.**

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $3,000,000 (the "Settlement").

**POTENTIAL OUTCOME OF THE CASE:** Co-Lead Counsel recognize the expense, risks, and uncertain outcome of any litigation and subsequent appeals, especially in a complex action such as this with its inherent difficulties and delays. The Parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged. No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action. The Defendants continue to deny that they are liable and deny that Lead Plaintiff or the Class have suffered any damages, and the Settlement is not any admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. Lead Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of the claims against Defendants, the uncertainties of trial and appeal, and the concrete benefits provided by the Settlement to the members of the Class ("Class Member"). The Settlement was entered into after arms' length mediation proceedings. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiff. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiff or the Class have suffered damages or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action. Defendants continue to believe that the claims asserted against them in the Action are without merit.

**ATTORNEYS' FEES AND COSTS SOUGHT:** Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Co-Lead Counsel will collectively apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $115,000. In addition, a reimbursement award for the time and expenses incurred by Lead Plaintiff will be sought, not to exceed $5,000. If these amounts are requested and awarded, Lead Plaintiff estimates that they would total $0.06154 per damaged share.

**IDENTIFICATION OF CO-LEAD COUNSEL**: Requests for further information may be directed to Co-Lead Counsel: Omar Jafri, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, Telephone: (312) 377-1181 or Corey D. Holzer, Holzer & Holzer, LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, Telephone: (770) 392-0090.

**DEFINITIONS:** All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated December 7, 2020 ("Stipulation").

## I. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

All Persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019, through April 30, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; and immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

## II. DESCRIPTION OF THE ACTION

### Summary of the Action

Beginning in May of 2019, two class action complaints were filed in the United States District Court for the Southern District of New York (the "Court"). The first, filed on May 8, 2019, was styled *Enriquez v. Nabriva Therapeutics Plc et al.*, Case No. 19 Civ. 4183 (VM). The second, filed on May 22, 2019, was styled *Manna v. Nabriva Therapeutics Plc et al.*, Case No. 19 Civ. 4713 (VM). Each complaint alleged violations of the Securities Exchange Act of 1934 for purportedly false and misleading statements made to the public. By order dated May 24, 2019, the Court consolidated the actions under the caption *Enriquez v. Nabriva Therapeutics Plc et al.*, and appointed Jonathan Schaeffer as Lead Plaintiff ("Lead Plaintiff") for the consolidated actions and approved Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel. On September 23, 2019, Lead Plaintiff filed an Amended Complaint.

On November 18, 2019, the Defendants submitted a letter to the Court seeking permission to file a motion to dismiss the Amended Complaint. The Court construed Defendants' letter as a motion to dismiss and granted the motion, without prejudice, by Order dated April 28, 2020. In response to this Order, on June 8, 2020, Lead Plaintiff proffered a Second Amended Complaint ("SAC") which alleged that Defendants Nabriva, Ted Schroeder, Gary Sender, and Jennifer Schranz (collectively, "Defendants") purportedly made false and misleading statements and failed to disclose material facts concerning the likelihood of the United States Food and Drug Administration's approval of the New Drug Application ("NDA") for an injectable drug called CONTEPO™. The SAC alleged that the price of Nabriva common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and that the price of Nabriva common stock declined when it was revealed that the FDA would not approve the NDA for CONTEPO.

On June 23, 2020, the Court allowed Lead Plaintiff to file the SAC and noted that it would deny any motion to dismiss the SAC without prejudice. Subsequently, the Parties commenced discovery, which has included the exchange of initial disclosures and the issuance of document requests and interrogatories.

### The Proposed Settlement and Evaluation by Co-Lead Counsel

On October 21, 2020, the Parties participated in an extended mediation session conducted by Michelle Yoshida, Esq. At the close of the mediation, the mediator made a proposal to all Parties to settle this Action for the Settlement Amount, which the Parties accepted.

Co-Lead Counsel continue to believe that the claims against the Defendants in this Action have merit and that the evidence would support their claims at trial. However, they acknowledge the expense and length of continued proceedings, trial, and appeals, and have considered the uncertain outcome and the risk of any litigation, especially complex actions like this. They are also mindful of the defenses asserted by Defendants, and the risks inherent to certifying a class action. Co-Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class, and based on the evaluation and recommendation of Co-Lead Counsel, Lead Plaintiff has determined that the Settlement is in the best interests of the Class.

### The Release

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Released Claims as against each and all of the Released Parties, without costs to any party except as provided herein, upon the Effective Date. Lead Plaintiff and all Class Members, whether or not any such Person submits a Proof of Claim and Release or seeks or obtains any payment from the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns,

representatives, heirs, executors, trustees, and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Parties from any and all of the Released Claims.

On the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.    The Settlement also bars any and all claims for contribution or indemnity against any of the Released Parties arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action.

### III. PROPOSED PLAN OF ALLOCATION

The $3,000,000 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Gross Settlement Fund.  The Gross Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for any shares purchased before January 4, 2019.

2. For shares purchased on or between January 4, 2019, and April 30, 2019, and

    (a) sold on or before April 30, 2019, the Recognized Loss per share is $0.00.

    (b) sold on or between May 1, 2019, and July 29, 2019, the Recognized Loss per share is the lesser of:

        i. $0.79; or

        ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0; or

        iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

    (c) that were still held as of the close of trading on July 29, 2019, the Recognized Loss per share is the lesser of

        i. $0.79; or

        ii. the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $2.31.   If this calculation results in a negative number, then the Recognized Loss per share is $0.

| Table 1 | | | | | |
| **90-Day Lookback Period** | | | | | |
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
|---|---|---|---|---|---|
| 5/1/2019 | $2.17 | 5/31/2019 | $2.39 | 7/1/2019 | $2.28 |
| 5/2/2019 | $2.16 | 6/3/2019 | $2.39 | 7/2/2019 | $2.28 |
| 5/3/2019 | $2.16 | 6/4/2019 | $2.38 | 7/3/2019 | $2.29 |
| 5/6/2019 | $2.18 | 6/5/2019 | $2.38 | 7/5/2019 | $2.29 |
| 5/7/2019 | $2.18 | 6/6/2019 | $2.38 | 7/8/2019 | $2.29 |
| 5/8/2019 | $2.20 | 6/7/2019 | $2.36 | 7/9/2019 | $2.30 |
| 5/9/2019 | $2.23 | 6/10/2019 | $2.35 | 7/10/2019 | $2.30 |
| 5/10/2019 | $2.29 | 6/11/2019 | $2.34 | 7/11/2019 | $2.30 |
| 5/13/2019 | $2.32 | 6/12/2019 | $2.33 | 7/12/2019 | $2.30 |
| 5/14/2019 | $2.36 | 6/13/2019 | $2.32 | 7/15/2019 | $2.30 |
| 5/15/2019 | $2.39 | 6/14/2019 | $2.31 | 7/16/2019 | $2.30 |
| 5/16/2019 | $2.42 | 6/17/2019 | $2.30 | 7/17/2019 | $2.30 |
| 5/17/2019 | $2.43 | 6/18/2019 | $2.30 | 7/18/2019 | $2.31 |
| 5/20/2019 | $2.43 | 6/19/2019 | $2.29 | 7/19/2019 | $2.31 |
| 5/21/2019 | $2.43 | 6/20/2019 | $2.29 | 7/22/2019 | $2.31 |
| 5/22/2019 | $2.43 | 6/21/2019 | $2.29 | 7/23/2019 | $2.31 |
| 5/23/2019 | $2.41 | 6/24/2019 | $2.28 | 7/24/2019 | $2.31 |
| 5/24/2019 | $2.41 | 6/25/2019 | $2.28 | 7/25/2019 | $2.31 |
| 5/28/2019 | $2.40 | 6/26/2019 | $2.28 | 7/26/2019 | $2.31 |
| 5/29/2019 | $2.40 | 6/27/2019 | $2.27 | 7/29/2019 | $2.31 |
| 5/30/2019 | $2.40 | 6/28/2019 | $2.28 | | |

**General Provisions:**

1. There shall be no Recognized Loss for any Nabriva securities other than common stock.

2. The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. First-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. Common stock originally sold short will have no Recognized Loss.

5. Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection

with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties, whether or not you are entitled to a cash payment.

7. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

8. No Person shall have any claim against Co-Lead Counsel, the Settlement Administrator or other agent designated by Co-Lead Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Final Order and Judgment of the Court dismissing this Action.

## IV. REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first-class mail, sufficient postage prepaid, a written Request for Exclusion from the Class, **postmarked no later than April 30, 2021**, addressed to the Settlement Administrator at: Nabriva Securities Litigation, Exclusions, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. Such Request for Exclusion shall be in a form that sufficiently identifies (1) the name and address of the Person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Nabriva common stock during the period January 4, 2019, through April 30, 2019, including the number of shares of common stock, principal amount, and trade date of each purchase and sale. A Request for Exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

**If you are a Class Member and duly request to be excluded from the Class, you will not be bound by any orders or judgments entered in respect to the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Class Members that have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V. STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Co-Lead Counsel intend to apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed 33 1/3 percent of the Settlement Amount, plus interest, and reimbursement for the reasonable expenses actually incurred in prosecuting the Action not to exceed $115,000. Co-Lead Counsel believe these requests to be fair and reasonable. Co-Lead Counsel have litigated this Action on a wholly contingent basis and have received no compensation during the period the case has been pending, while expending considerable time and expense, and risking considerable financial losses.

In addition, Co-Lead Counsel intend to apply to the Court for a reimbursement award from the Gross Settlement Fund to Lead Plaintiff for his reasonable time and expenses directly relating to the representation of the Class, in an amount not to exceed $5,000.

## VI. THE FINAL APPROVAL HEARING

The Final Approval Hearing will be held before the Honorable Victor Marrero on May 14, 2021, at 10:30 a.m., in Courtroom 15 B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $3,000,000 should be approved as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the application for a reimbursement award to Lead Plaintiff should be granted. At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Settlement Administrator at its website: www.nabrivasecuritieslitigation.com.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the Court's PACER website.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation provided by Lead Plaintiff and Co-Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and expenses, or a reimbursement award to the Lead Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in Person or by attorney at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be considered by the Court unless, no later than April 30, 2021, (1) a notice of the Person's intention to appear, (2) a statement of such Person's objections to any matter before the Court, (3) the grounds for such objections or the reason for such Person's request to appear and to be heard, together with any documents that may be presented at the Final Approval Hearing; (4) a list of all transaction(s) involving Nabriva common stock from January 4, 2019, to April 30, 2019, inclusive, including the number of shares of common stock, principal amount, and trade date of each purchase and sale; and (5) brokerage statements and/or confirmation slips sufficient to establish that such Person is a member of the Class, are filed by such Person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Co-Lead Counsel** | **Defendants' Counsel** |
| :---: | :---: |
| Omar Jafri | Michael Bongiorno |
| POMERANTZ LLP | Tamar Kaplan-Marans |
| 10 South LaSalle Street | WILMERHALE LLP |
| Suite 3505 | 7 World Trade Center |
| Chicago, IL 60603 | 250 Greenwich Street |
| | New York, NY 10007 |

Any Person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that Person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or a reimbursement award to the Lead Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered thereon, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Co-Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. <u>PROOF OF CLAIM AND RELEASE FORM</u>

***To be eligible to receive a cash distribution from the Net Settlement Fund, you must timely complete, sign, and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Settlement Administrator **postmarked on or before April 30, 2021**, at the following address:

Nabriva Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173091
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each Person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the litigation, the Settlement, and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such Person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Settlement Administrator, please send it by certified mail, return receipt requested, or its equivalent. *No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.*

## VIII. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Nabriva common stock between January 4, 2019, and April 30, 2019, both dates inclusive, for the beneficial interest of a Person or organization other than yourself, you must either (a) within seven (7) days after receipt of this Notice, provide to the Settlement Administrator the name and last known address of each Person or entity (preferably in Excel or csv electronic format) setting forth (i) title/registration; (ii) street address; and (iii) city/state/zip; or (b) request, in writing, additional copies of this Notice at the below address, which will be provided free of charge, and within seven (7) days after receipt of such Notices, mail the Notice directly to the beneficial owners of the securities referred to herein.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Settlement Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the actual out of pocket cost incurred in connection with ascertaining the names and addresses of beneficial owners, not to exceed \$.70/unit. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Settlement Administrator at the following address: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173091, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com.

## IX. EXAMINATION OF PAPERS AND INQUIRIES

For further information about the Action, you may contact the Settlement Administrator at its website, www.nabrivasecuritieslitigation.com, or by email at: info@nabrivasecuritieslitigation.com, or may contact Co-Lead Counsel at the address listed above, or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the Southern District of New York, the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Southern District of New York: https://ecf.nysd.uscourts.gov/.

If you have any questions concerning this case or your membership in the Class, please contact the Settlement Administrator: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173091, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com.

### INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.

Dated: February 18, 2021

By Order of the Court
United States District Court
Southern District of New York

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

### A. <u>GENERAL INSTRUCTIONS & INFORMATION</u>

1.    You are urged to read carefully the accompanying Notice of Pendency and Proposed Settlement of Class Action (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.    To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.    **You must mail your completed and signed Proof of Claim postmarked on or before April 30, 2021, addressed to the Settlement Administrator at:**

Nabriva Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173091
Milwaukee, WI 53217

4.    If you are a Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.    If you are **not** a Class Member, **do not** submit a Proof of Claim.

6.    **If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

### B. <u>INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM</u>

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.    In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased Nabriva Therapeutics PLC's ("Nabriva") common stock between January 4, 2019, and April 30, 2019, both dates inclusive (the "Class Period"), and otherwise be a Class Member as defined in the Notice.

2.    The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation.  You may be requested to provide further information.

3.    All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Nabriva common stock.  (As outlined in the Notice, brokerage firms, banks, and other nominees are requested to transmit copies of the Notice to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.)  If Nabriva common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.    Executors, administrators, guardians, conservators, and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.    You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners, or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Settlement Administrator's electronic filing department at info@nabrivasecuritieslitigation.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim number(s) and respective account information.

Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@nabrivasecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

7.    There will be no Recognized Loss attributed to any Nabriva securities other than common stock.

8.    The date of purchase and/or sale of shares of Nabriva common stock is the "trade" date and not the "settlement" date.

9.    The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.  Nabriva common stock originally sold short will have no Recognized Loss.

11.  Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion.  Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

12.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

13.  No cash payment will be made on a claim where the potential distribution is less than $20.00.

14.  You must attach to your Proof of Claim **copies** of brokerage confirmations, monthly statements, or other documentation of your transactions in Nabriva common stock in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in Section A.  You may make photocopies of this form.

*Nabriva Securities Litigation*

## PROOF OF CLAIM

**Must be received by the Settlement Administrator postmarked no later than April 30, 2021.**

### C.  CLAIMANT IDENTIFICATION

*Please Type or Print*

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Record Owner's Name *(if different from beneficial owner listed above)*

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | ZIP Code |
|---|---|---|
| | | |

| Foreign Postal Code *(if applicable)* | Foreign Country *(if applicable)* |
|---|---|
| | |

| Telephone Number (Day) | Telephone Number (Evening) |
|---|---|
| | |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

**Specify one of the following:**

☐ Individual(s) ☐  Corporation ☐  UGMA Custodian ☐ IRA ☐ Partnership

☐ Estate ☐  Trust ☐ Other (describe): _____

**D.  SCHEDULE OF TRANSACTIONS IN NABRIVA COMMON STOCK**

1.    State the total number Nabriva common stock held as of close of trading on January 3, 2019.  If none, write "zero" or "0"; *(if other than zero, must be documented)*:  _____

2.    Separately list each and every **purchase** of Nabriva common stock between January 4, 2019, **through** July 29, 2019, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Purchase / Acquisition Price Per Share | Total Amount of Purchase (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3.    Separately list each and every **sale** of Nabriva common stock between January 4, 2019, through July 29, 2019, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount of Sale (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

4.    State the **total number** of Nabriva common stock owned at the close of trading on July 29, 2019, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

## E. SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim and Release Form, I/we, and every Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement. I/we further agree to be bound by the orders of the Court and agree that this Proof of Claim Form, my/our status or the status of the Class Member(s) I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## F. RELEASE

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors, and assigns, and any other Person claiming (now or in the future) through or on behalf of them, hereby releases and forever discharges all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties."

"Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former, and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, and successors of each Released Party, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

"Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

"Released Claims" means and includes any and all Claims, including Unknown Claims, that have been or could have been asserted by or on behalf of Lead Plaintiff, Claimant, or any member of the Settlement Class in the Action, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Nabriva common stock during the Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

"Released Parties" means Defendants Nabriva, Ted Schroeder, Gary Sender, and Jennifer Schranz, and each and all of their Related Parties, including all of Nabriva's current and former officers, directors, employees, and insurers.

"Unknown Claims" means and includes any and all claims that Claimant or one or more Class Members does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Claimant expressly acknowledges, and the other Class Members by operation of the Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Claimant and each Class Member may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Claimant and the Class Members expressly, fully, finally, and forever settle and release, and shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Claimant and the Class Members expressly acknowledge, and by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

Upon the Effective Date, Claimants, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors, and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from asserting, instituting, commencing, or prosecuting any Released Claim against any of the Released Parties directly, indirectly, or in any other capacity, in any forum, whether or not such Claimants execute and deliver a Proof of Claim and Release to the Settlement Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.  Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against any Claimant, Class Members, or Plaintiff's Counsel related to this Action or the prosecution thereof.

## G. REPRESENTATIONS

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's immediate family or their legal representative, heir, successor, or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release Form.

## H. CERTIFICATION

I/we certify that I am/we are not subject to backup withholding.  **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct, and complete to the best of my/our knowledge, information, and belief, and that this Proof of Claim was executed this day of _____,  2021 in _____ (City) (State/Country).

_____
Signature of Claimant

_____
Print your name here

_____
Signature of Joint Claimant, if any

_____
Print your name here

Signature of person signing on behalf of Claimant

Print your name here

Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Certification.

2. Remember to attach only **copies** of acceptable supporting documentation.  Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. The Settlement Administrator will acknowledge the receipt of your Proof of Claim within 60 days of receipt.  If you do not receive such acknowledgment within 60 days, please contact the Settlement Administrator.  Your claim is not deemed filed until you receive such acknowledgment.

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at: Nabriva Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173091, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com.

# EXHIBIT B

# Pomerantz LLP and Holzer & Holzer, LLC Announce a Notice of Pendency and Proposed Settlement of Class Action in LARRY ENRIQUEZ v. NABRIVA THERAPEUTICS PLC, et al.

NEWS PROVIDED BY
**Pomerantz LLP and Holzer & Holzer, LLC →**
Feb 26, 2021, 10:00 ET

CHICAGO, Feb. 26, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| LARRY ENRIQUEZ v. NABRIVA | ) | Case No. 1:19-cv-04183-VM |
| THERAPEUTICS PLC, *et al.* | ) | Honorable Victor Marrero |
| | ) | |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NABRIVA THERAPEUTICS PLC'S ("NABRIVA") COMMON STOCK DURING THE PERIOD FROM JANUARY 4, 2019, THROUGH APRIL 30, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WHO WERE DAMAGED THEREBY (THE "CLASS").**

**Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; and immediate family members, legal representatives, heirs, successors, or assigns of any of the above.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that a hearing will be held on May 14, 2021, at 10:30 a.m., before the Honorable Victor Marrero in Courtroom 15B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for the purpose of determining, among other things: (1) whether the proposed Settlement of the Class's claims against the Defendants for $3,000,000 in cash should be approved as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation should be approved as fair, reasonable, and adequate; (3) whether the application by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the application for a reimbursement award to Lead Plaintiff should be approved; (5) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; and (6) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court.

If you purchased or acquired Nabriva common stock between January 4, 2019, and April 30, 2019, your rights may be affected by the Settlement of this Action, including the release and extinguishment of claims you may possess relating to your ownership of Nabriva common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of

Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to the Settlement Administrator at: Nabriva Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173091, Milwaukee, WI 53217, www.nabrivasecuritieslitigation.com.

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than April 30, 2021, establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than April 30, 2021.  Any objections to the Settlement, Plan of Allocation, attorney's fees and expenses, or Lead Plaintiff's reimbursement award must be filed and served, in accordance with the procedures set forth in the Notice, no later than April 30, 2021.

Inquiries, other than requests for the Notice, may be made to Co-Lead Counsel: Omar Jafri, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, Telephone: (312) 377-1181 or Corey D. Holzer, Holzer & Holzer, LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, Telephone: (770) 392-0090.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,**

**THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: February 26, 2021    By Order of the Court

United States District Court

Southern District of New York

Pomerantz LLP

10 South LaSalle Street, Suite 3505

Chicago, IL  60603

Holzer & Holzer, LLC

211 Perimeter Center Parkway, Suite 1010

Atlanta, GA  30346


SOURCE Pomerantz LLP and Holzer & Holzer, LLC