**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ,<br><br>Defendants. | **Case No. 19 Civ. 4183 (VM)**<br><br>**Honorable Victor Marrero**<br><br><u>**CLASS ACTION**</u> |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
**AND AN APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF**
**LITIGATION EXPENSES AND A REIMBURSEMENT AWARD FOR PLAINTIFF**

Plaintiff Jonathan Schaeffer ("Plaintiff"), on behalf of himself and the Class,[1] respectfully submits this reply in further support of his Unopposed Motion for Final Approval of Class Action Settlement and his Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and a Reimbursement Award for Plaintiff, which was filed on April 14, 2021. *See* ECF No. 75. This Reply is supported by the Supplemental Declaration of Nancy V. Rogers Regarding Notice Administration ("Supp. Mailing Decl."), attached hereto as Exhibit 1.

The proposed Settlement resolves this Litigation in its entirety in exchange for a cash payment of $3,000,000. As detailed in Plaintiff's and Lead Counsel's opening papers (ECF Nos. 69-71), the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations and represents a very favorable result for the Class in light of the substantial challenges that Plaintiff would have faced in proving liability and damages.

The Settlement Administrator mailed and published notice as directed by the Preliminary Approval Order. *See* ECF No. 73 at ¶5; Supp. Mailing Decl.at ¶3. The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Expenses, or Plaintiff's requested reimbursement award, or to opt-out of the Settlement, elapsed on April 30, 2021. ECF No. 73 at ¶¶10-11. As of this filing, 679 Proofs of Claim have been received by the Settlement Administrator on behalf of purported Class Members seeking recovery under the Settlement, and no objections to or requests for exclusion from the Settlement have been received. Supp. Mailing Decl.at ¶¶4-5. The absence of objections

---

[1] The Class consists of all persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019 through April 30, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

and opt-outs, along with the benefits provided to Class Members by the Settlement, support final approval by the Court.[2]

**I.      The Absence of Objections Strongly Supports Final Approval**

It is "'well-settled' that the reaction of the class to a settlement is considered perhaps 'the most significant factor to be weighed in considering its adequacy.'" *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) (quoting *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002)).

Here, a robust notice program was implemented that included mailing 9,660 Notice Packets to identifiable Class Members or their nominees, publishing summary notice over PR Newswire, and publishing all documents relevant to the Settlement on the Settlement Administrator's website. *See* Supp. Mailing Decl. at ¶3. The Notices mailed to each potential Class Member identified, among other things, the maximum amount that would be sought for Attorneys' Fees, expenses, and reimbursement for Plaintiff, affording Class Members the opportunity to object if they considered any portion unreasonable. *See* ECF Nos. 72-4, 72-5.

No objections to any aspect of the Settlement, Plan of Allocation, Attorneys' Fees and Expenses, or Plaintiff's requested reimbursement award have been served or filed on Lead Counsel, the Settlement Administrator, or the Court. Courts consistently recognize that a lack of any objection supports final approval. *See e.g.*, *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15CV1249, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("Here, no class members objected, which strongly favors approval.").

---

[2] Attached as Exhibit 2 is a revised proposed order for final approval of the Settlement that adds applicable dates and specifies that no Class Member objected to the Settlement but is otherwise identical to the proposed order previously submitted as ECF No.71-3.

The absence of objections likewise supports the request for attorneys' fees, expenses, and a reimbursement award to Plaintiff. *See e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at \*21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Asare v. Change Grp. of New York, Inc.*, No. 12 Civ. 3371(CM) 2013 WL 6144764, at \*16 (S.D.N.Y. Nov. 18, 2013) (noting that "not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award.").

## II.    The Absence of Exclusions Supports Final Approval

To date, no Class Members have requested to be excluded from the Settlement. *See* Supp. Mailing Decl. at ¶4. That all eligible investors opted to remain in the Class further supports final approval. *See e.g.*, *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at \*7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement."); *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311–12 (E.D.N.Y. 2006) ("Favorable reaction of a class of sophisticated investors evidences fairness, reasonableness, and adequacy.").

## III.   Conclusion

For all the reasons stated herein, and in the memoranda of law in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and his Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and a Reimbursement Award for Plaintiff (ECF Nos. 75-1, 75-2), Plaintiff respectfully requests the Court to enter the attached Proposed Order and Final Judgment.

Dated: May 7, 2021                                  */s/ Omar Jafri*
                                                           **POMERANTZ LLP**

3

Patrick V. Dahlstrom
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
       ojafri@pomlaw.com

**HOLZER & HOLZER LLC**
Marshall P. Dees (admitted *pro hac vice*)
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30346
Telephone: (770) 392-0090
Email:  mdees@holzerlaw.com

*Counsel for Plaintiff*

4